DUTTON PHOSPHATE COMPANY, A CORPORATION, *Plaintiff in Error*, v LAWTON PRIEST, *Defendant in Error*.

Opinion Filed April 21, 1914.

1. The word "company" as used in Secs. 3152, 3153 Gen. Stats. includes "corporations."

2. The guaranties of due process of law and of equal protection of the laws contained in the Fourteenth Amendment are expressly applicable to the States, and protect corporations as well as individual persons.

3.  A corporation is not a citizen within the protection of the
    "privileges and immunities" provisions of the Federal Con-
    stitution.

4.  The provisions of the organic law that no person shall be
    deprived of life, liberty or property without due process of
    law, nor denied the equal protection of the laws, are not in-
    tended to hamper the States in the discretionary exercise of
    any of their appropriate sovereign governmental powers,
    unless substantial private rights are arbitrarily invaded by
    illegal or palpably unjust, hostile and oppressive exactions,
    burdens, discriminations or deprivations.

5.  Where a statute may be so construed as to render it uncon-
    stitutional, a construction in accord with organic law should
    be adopted when it can fairly be done; and when by a just
    and reasonable construction of a statute with reference to
    the object designed, its operation and effect will not violate
    the constitution, a party attacking the statute on the ground
    that it may be so construed as to invade private rights
    secured by the constitution, must show that in the case he
    presents, the effect of applying the statute is to deprive him
    of a constitutional right.

6.  The application of a statute in a particular case may violate
    organic law, but the statute as framed may not be unconsti-
    tutional when properly applied.

7.  All property rights are held and enjoyed subject to the fair
    exercise of the State's police power to establish regulations
    that are reasonably necessary to secure the general welfare
    of the State.

8.  The wisdom and necessity, as well as the policy, of a statute
    are authoritatively determined by the legislature.

9.  Courts may enquire only into the power·of the legislature to
    lawfully enact a particular statute; and all doubts as to its
    constitutionality are resolved in favor of the statute.

10. The common law rule making it unlawful and a trespass for live stock belonging to one person to go upon the unenclosed premises of another, has been changed in this State by legislative action.

11. A statute should not be declared to be unconstitutional and ineffectual unless its terms or its operation make that result necessary in giving supremacy to the constitution.

12. If there is any sphere within which a statute may operate without violating organic law it should within that sphere be made effective in appropriate proceedings taken for that purpose, for statutes are binding upon the courts as the law of the land when not in conflict with the constitution.

13. A statute prescribing regulations does not offend any provision of organic law merely because it may not in legal effect cover the entire field that is subject to similar or other legislative regulations.

14. Courts have no power to annul a legislative enactment on the ground that it is unreasonable in its terms or in its operation, when the statute does not because of arbitrary unreasonableness conflict with the superior force of the constitution as the higher law.

15. The legislature has a wide discretion in classifying the subjects of police regulation; and a legislative classification will not be annulled by the courts unless it is wholly without a reasonable or practicable basis.

16. Unless a legislative regulation is applicable to some persons and not to others under essentially similar conditions so as to make the classification an arbitrary exercise of the powers of Government that in material substance and effect unjustly discriminates between persons similarly conditioned with reference to the subject regulated, there is no denial of the equal protection of the laws.

17. As applied to any company or individual who, being the possessor and occupant of lands, negligently leaves open and

unenclosed holes or pits of the stated dimensions that have been made on the lands, in which cattle perish, sections 3152 and 3153 are not unconstitutional and inoperative in authorizing the recovery of double damages.

Writ of Error to Circuit Court for Alachua County; J. T. Wills, Judge.

Judgment affirmed.

*Robt. E. Davis,* for Plaintiff in Error;

*Fred Cubberly,* for Defendant in Error.

WHITFIELD, J.—The declaration herein is as follows:

"Lawton Priest, a citizen and resident of Levy County, Florida, plaintiff, by Fred Cubberly, his attorney, sues the Dutton Phosphate Company, a corporation, organized and existing under the laws of the State of Florida, with its principal office at Gainesville, Alachua County, State of Florida, defendant, for that whereas the defendant on and before February 10th, 1910, was the possessor and occupier of a certain premises and tract of land, to-wit: West Half of the South West Quarter of Section thirty-six, in Township fourteen, South of Range nineteen East, situate in Marion County, State of Florida, which said premises was unfenced and unenclosed and before and on said day there was on said premises a certain hole or pit, which said hole or pit was of greater depth and width than two feet, and said pit or hole was left open by the fault and negligence of defendant, and not enclosed with a fence or other enclosure that would be a safeguard against cattle falling into the said pit or hole, said pit or hole at said time not being used on said land by said defendant while bona fide engaged in actual mining operations, and on or about said

date to-wit: the tenth day of February, 1910, three cattle of plaintiff of the value of twenty-five dollars each, then and there lawfully grazing on and over said land of defendant, went into said pit or hole while the same was unenclosed and unprotected and said cattle being unable to escape from said pit or hole died therein, without fault or negligence on the part of plaintiff, to the damage of plaintiff; wherefore plaintiff brings this suit and demands of defendant damages for the loss of said cattle in a sum equal to double the actual damages sustained as by the statute provided, and plaintiff claims one hundred and fifty dollars."

A motion for compulsory amendment of the declaration under the statute and also a demurrer to the declaration were overruled, and a writ of error was taken to a final judgment for the full amount claimed, which was rendered at the trial for the plaintiff below.

The grounds of the motion and demurrer insisted on here are:

"1. No liability is imposed by law upon the defendant herein, which is a corporation.

2. No cause of action is set out in the plaintiff's amended declaration against the defendant.

7. Section 3152 and 3153, General Statutes of Florida, under which plaintiff's cause of action is founded, are unconstitutional and in conflict with and in violation of Section 12, Declaration of Rights, of the Constitution of the State of Florida; Article Five, Amendments of the Constitution of the United States, and of Article Fourteen, Amendments of the Constitution of the United States, in this:

(1) These Sections exempt from the provisions thereof all persons or companies operating mines or engaged in mining operations

(2) Double damages or damages double in amount of actual damages, are imposed against the defendants who are liable thereunder, and no opportunity is given or afforded defendants to avoid the payment of damages in amount double the actual damages therein.

(3) No notice is provided by said law to be given to the defendant of the existence of the liability, or opportunity afforded such defendant to satisfy such claims without suit, or of avoiding the entry of judgment in an amount double the actual damages incurred.

(4) The defendant is deprived of its property without due process of law thereunder.

(5) Said Sections abridge the privileges and immunities of this defendant with respect to its own property.

(6) Said Sections deny to this defendant equal protection of the laws with that of other persons, companies and corporations within the jurisdiction of the State of Florida."

The Statute under which the action is brought is as follows:

"It shall not be lawful for any company or individual to leave open any pit or other hole outside of an enclosure of a greater depth and breadth than two feet: Provided, however, such pit or hole may be left open by enclosing the same with a fence or other enclosure that would be a safeguard against horses, cattle or other domestic animals falling into the same: Provided, further, That this Section shall not apply to pits or holes made by any company or individual while bona fide engaged in actual mining opertions, such pits and holes to be enclosed as herein provided when said mining operations shall cease or be discontinued.

Any company or individual who may leave open pits or other holes contrary to the provisions of the preceding

section shall be liable in damages to any person injured thereby in an amount double the actual damages sustained, which may be recovered in any court of competent jurisdiction." Secs. 3152, 3153 Gen. Stats. of 1906.

It is argued that the above statute imposing double damages for the act of omission made unlawful does not apply to *corporations*, and that consequently a cause of action against the defendant corporation under the Statute is not stated. The constitution and statutes of this State use the words "company" and "companies" as including corporations, and such is the ordinary meaning of the words. The manifest intent of the statute here considered is to include within its meaning any company that is known as such in the laws and usage of the State, whether it be an incorporated company, or a merely voluntary association of individuals called a company As incorporated companies are included in the statute, the defendant corporation is amenable thereto.

The contentions that the statute above quoted violates the specified guaranties of the State and Federal Constitutions when applied to this case are not sustained by controlling principles of law or by authoritative adjudications. The organic provisions asserted to have been violated are: "No person shall be   *   *   deprived of   * property without due process of law." Sec. 12, Declaration of Rights, Florida Constitution. "No State shall make or enforce any law which shall abridge the privilege or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Sec. 1, Article XIV. Amendments to Constitution of the United States. The fifth Amendment to the Federal Constitution has no reference to the State laws or govern-

ment.   Ensign v. Commonwealth of Pennsylvania, 227
U. S. 592, 33 Sup. Ct. Rep. 321; Kinkaid v. Jackson, 66
Fla. 378, 63 South. Rep. 706.   But the guarantees of due
process of law and of equal protection of the laws con-
tained in the Fourteenth Amendment are expressly appli-
cable to the States, and protect corporations as well as
individual persons.   The defendant corporation not being
a *citizen* of the United States, has no concern with the
provision as to *privileges* and *immunities* of citizens, even
if the protected privileges and immunities could be
abridged by the statute and the facts presented here.   See
Ulmer v. F. N. Bk. 61 Fla. 460, 55 South. Rep. 405.

The provisions of the organic law that no person shall
be deprived of life, liberty or property without due process
of law, nor denied the equal protection of the laws, are
not intended to hamper the States in the discretionary
exercise of any of their appropriate sovereign govern-
mental powers, unless substantial private rights are arbi-
trarily invaded by illegal or palpably unjust, hostile and
oppressive exactions, burdens, discriminations or depri-
vations.   See Missouri Pac. R. Co. v. Tucker, 230 U. S.
340, 33 Sup. Ct. Rep. 961; Ochoa v. Hernandez y Morales,
230 U. S. 139, 33 Sup. Ct. Rep. 1033; Bradley v. City of
Richmond, 227 U. S. 477, 33 Sup. Ct. Rep. 318; Barrett v.
State of Indiana, 229 U. S. 26, 33 Sup. Ct. Rep. 692; Citi-
zens' Tel. Co. of Grand Rapids v. Fuller, 229 U. S. 322, 33
Sup. Ct. Rep. 833; Chicago Dock & Canal Co. v. Fraley,
228 U. S. 680, 33 Sup. Ct. Rep. 715; Metropolis Theater Co.
v. City of Chicago, 228 U. S. 61, 33 Sup. Ct. Rep. 441;
Quong Wing v. Kirkendall, 223 U. S. 59, 32 Sup. Ct. Rep.
192; Schmidinger v. City of Chicago, 226 U. S. 578, 33 Sup.
Ct. Rep. 182; Laurel Hill Cemetery v. City and County of
San Francisco, 216 U. S. 358, 30 Sup. Ct. Rep. 301; Welch
v. Swasey, 214 U. S. 91, 29 Sup. Ct. Rep. 567; 139 Mass.

364, 79 N. E. Rep. 745; 23 L. R. A. (N. S.) 1160; Mobile, J. & K. C. R. Co. v. Turnipseed, 219 U. S. 35, 31 Sup. Ct. Rep. 136; Ex Parte Hadacheck, —— Cal. ——, 132 Pac. Rep. 584; Vandalia Ry. Co. v. Stilwell (Ind.) 104 N. E. Rep. 289.

Where a statute may be so construed as to render it un-constitutional, a construction in accord with organic law should be adopted when it can fairly be done; and when by a just and reasonable construction of a statute with reference to the object designed, its operation and effect will not violate the constitution, a party attacking the statute on the ground that it may be so construed as to invade private rights secured by the Constitution, must show that in the case he presents, the effect of applying the statute is to deprive him of a constitutional right. The application of a statute in a' particular case may violate organic law, but the statute as framed may not be unconstitutional when properly applied. See Cedar Street Co. v. Park Realty Co., 220 U. S. 107, 31 Sup. Ct. Rep. 342; Plymouth Coal Co. v. Commonwealth of Penn-sylvania, —— U. S. ——, 34 Sup. Ct. Rep. 359; Strauss v. Foxworth, —— U. S. ——, 34 Sup. Ct. Rep. 42; South-ern R. Co. v. King, 217 U. S. 524, 30 Sup. Ct. Rep. 594; Rosenthal v. People of State of New York, 226 U. S. 260, 33 Sup. Ct. Rep. 27; Hampton v. St. Louis, I. M. & S. R. Co., 227 U. S. 456, 33 Sup. Ct. Rep. 263; Castillo v. Mc-Cornico, 168 U. S. 674, 18 Sup. Ct. Rep. 229.; Cason v. Quinby, 60 Fla. 35, 53 South. Rep. 741; Stinson v. State, 63 Fla. 42, 58 South. Rep. 722; Boyd v. State, 33 Fla. 316, 14 South. Rep. 836; Cir. Ad. Co. v. Am. Merc. Co., 66 Fla. 96, 63 South. Rep. 3; Ferguson v. McDonald, 66 Fla. 494, 63 South. Rep. 915.

Under the American System of laws and government every one is required to so use and enjoy his own rights

as not to injure others in their rights or to violate any law in force for the preservation of the general welfare. This principle does not conflict with the express constitutional right that all persons have of "acquiring, possessing and protecting property." All property rights are held, and enjoyed subject to the fair exercise of the State's police power to establish regulations that are reasonably necessary to secure the general welfare of the State. The selection and classification of the subjcts of statutory regulation are within the lawmaking discretion of the legislature. See King Lumber & Mfg. Co. v. Atlantic Coast Line R. Co., 58 Fla. 292, 50 South. Rep. 509; Atlantic Coast Line R. Co. v. Goldsboro, —— U. S. ——, 34 Sup. Ct. Rep. 364. The wisdom and necessity, as well as the policy, of a statute are authoritatively determined by the legislature. Courts may enquire only into the power of the legislature to lawfully enact a particular statute; and all doubts as to its constitutionality are resolved in favor of the statute. McNeil v. Webeking, 66 Fla. 407, 63 South. Rep. 78; City of Jacksonville v. Bowden, 67 Fla. ——, 64 South. Rep. 769; Easterling Lumber Co. v. Pierce, —— Miss. —— , 64 South. Rep. 461; State v. J. J. Newman Lumber Co., —— Miss. ——, 59 South. Rep. 923.

At common law one whose wrongful act or omission injures or destroys property of another is liable in damages for the value of the loss or injury sustained by the owner of the property. See Jones v. Nichols, 46 Ark. 207, 55 Am. Rep. 575; St. Louis, Iron Mountain & Southern Railway Company v. Newman, 94 Ark. 458, 127 S. W. Rep. 735, 28 L. R. A. (N. S.) 83. This and all other rules of the common law regulating property rights may be changed by statute when no provision or principle of organic law is thereby violated. Stearns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 South. Rep. 680; Employers Lia-

bility cases, in re Mondou v. New York, N. H. & H. R. Co., 223 U. S. 1, 32 Sup. Ct. Rep. 169; in re Opinion of the Justices, 209 Mass. 607, 96 N. E. Rep. 308; Ruff v. Georgia Southern & Florida Ry. Co., decided at this term.

The common law rule making it unlawful and a trespass for live stock belonging to one person to go upon the unenclosed premises of another has been changed in this State by legislative action. See Savannah, F. & W. Ry. Co. v. Gaiger, 21 Fla. 669, 58 Am. Rep. 697; 12 Am. & Eng. Ency. Law (2nd Ed.) 1041; Vicksburg & J. R. R. Co. v. Patton, 31 Miss. 156, 46 Am. Dec. 552.

It is within the province of the legislature to enact laws requiring those who operate on or use unenclosed lands to exercise appropriate care in the operation thereon or in the use thereof so as to prevent the condition of the premises from causing injury to live stock that lawfully go upon such lands and to impose liabilities for violations of the regulations. The necessity for and the character and extent of such regulations rest within the legislative discretion when no provision or principle of organic law is transgressed.

Statutory regulations are designed for practical purposes to meet the just requirements of the general welfare under the conditions present or prospctive that prompt the enactments. In many portions of the State of Florida phosphate rock, kaolin, Fuller's Earth and other valuable deposits are found in varying quantities at different depths below the surface of the ground. In prospecting for and in developing these resources many pits or holes are dug on the lands that are wild or unenclosed, as well as on lands that may be enclosed. Vegetation grows and water accumulates in these pits or holes; and domestic live stock, which in this State may lawfully run at large over such wild or unenclosed lands, are attracted to and

into the pits or holes; and, being unable to get out when
the excavations are deep, the animals are liable to perish
there. To meet these serious conditions existing as they
do in perhaps the greater part of the State, and affecting
in an essential degree the public welfare, the statute here
assailed was enacted. With this purpose of the act in
view, its asserted unconstitutionality as applied to the
facts of this case will be considered.

As the lawmaking power of a State is subject only to
the limitations contained in the State and Federal Con-
stitutions, the courts should not decline to give effect to
a duly enacted statute unless is is clearly in positive con-
flict with some designated provision of the organic law,
so as to make it the duty of the court to decline to en-
force the statute in order to sustain the constitution. A
statute should not be declared to be unconstitutional and
ineffectual unless its terms or its operation make that
result necessary in giving supremacy to the constitution.
If there is any sphere within which a statute may operate
without violating organic law it should within that sphere
be made effective in appropriate proceedings taken for
that purpose, for statutes are binding upon the courts as
the law of the land when not in conflict with the consti-
tution. A statute prescribing regulations does not offend
any provision of organic law merely because it may not
in legal effect cover the entire field that is subject to simi-
lar or other legislative regulations. See Rosenthal v.
People of State of New York, 226 U. S. 260, 33 Sup. Ct.
Rep. 27.

Courts have no power to annul a legislative enactment
on the ground that it is unreasonable in its terms or in
its operation, when the statute does not because of arbi-
trary unreasonableness conflict with the superior force of
the constitution as the higher law. McNeil v. Webeking,

*supra;* Pittsburgh, C. C. & St. L. Ry. Co. v. State, —— Ind. —— 102 N. E. 25.

The statute in effect imposes a civil liability for damages in double the value of the domestic animals that are injured or lost by falling into pits or holes that have been dug and by any company or individual left unenclosed when the excavations are not being used "in actual mining operations."

The declaration alleges that the defendant company was the possessor and occupier of the stated unenclosed premises; that a hole or pit of a greater depth and width than two feet was left open and unenclosed on said premises by the fault and negligence of defendant, and that plaintiff's cattle was lost in consequence thereof.

As applicable to any company or individual who, being the possessor and occupant of lands, negligently leaves open and unenclosed holes or pits of the stated dimensions that have been made on the lands in which cattle perish, the statute has a useful sphere of application. Whether the statute may be constitutionally applied under some other circumstances need not be considered here. Within at least the field of operation above indicated the enforcement of the statute will apparently not deprive the defendant company of any of its rights without due process of law. See Farmers & Mechanics Savings Bank of Minneapolis v. State of Minnesota, —— U. S. ——, 34 U. S. 512, 6 Sup. Ct. Rep. 110; Missouri & N. A. R. Co. v. U. S. 12, 6 Sup. Ct. Rep. 110; Missouri & N. A. R. Co. v. State, 92 Ark. 1, 121 S. W. Rep. 930, 31 L. R. A. (N. S.) 861.

The statute whether strictly or liberally construed is general and quite definite in its terms; its purpose and

practical operation manifestly relate to and tend to conserve the general welfare under the police power of the State; it does not deny to anyone lawfully affected by it a right or opportunity to interpose any legal defense applicable to the liability imposed; it does not authorize the taking of one man's property and giving it to another, contrary to settled usages and modes of procedure, or without an opportunity to fully protect all rights. The liability imposed may be avoided by not violating the statute. If liability is incurred by violating the statute, the violator is entitled to no more notice of a claim of liability than in any other case in which liability for a definite amount arises under the law.

The legislature has a wide discretion in classifying the subjects of police regulation; and a legislative classification will not be annulled by the courts unless it is wholly without a reasonable or practical basis. Unless a legislative regulation is applicable to some persons and not to others under essentially similar conditions so as to make the classification an arbitrary exercise of the powers of government that in material substance and effect unjustly discriminates between persons similarly conditioned with reference to the subject regulated, there is no denial of the equal protection of the laws. See Davis v. Florida Power Co., 64 Fla. 246, 60 South. Rep. 759; Lindsley v. Natural Carbonic Gas Co., 120 U. S. 61, 31 Sup. Ct. Rep. 337; Central Lumber Co. v. State of South Dakota, 126 U. S. 157, 33 Sup. Ct. Rep. 66; Peninsular Industrial Ins. Co. v. State, 61 Fla. 376, 55 South Rep. 398; Louisville & N. R. Co. v. Melton, 218 U. S. 36, 30 Sup. Ct. Rep. 676; Patsone v. Commonwealth of Pennsylvania, —— U. S. ——, 34 Sup. Ct. Rep. 281.

The statute is at least applicable to any company or

individual who leaves open and unenclosed any pit or other hole made in the ground of a greater depth and breadth than two feet on lands possessed and occupied by such company and individual, when such pits or other holes are not being used "in actual mining operations." It is not applicable to natural depressions in the ground; and even if applicable to springs and wells dug in the ground, the classification is not thereby made illegal. The exception with reference to "pits or holes made by any company or individual while bona fide engaged in actual mining operations," is but an element in the classification made; and obviously it has a proper basis, since live stock would probably not perish in holes being used in actual mining operations. The liability imposed for a violation of the regulation is definitely fixed in amount, it applies generally to all individuals and companies who violate the statute, and there is no contention that it is so excessive and out of proportion to the delict forbidden by the statute as to violate any principle of organic law. There is nothing in the regulations that unjustly discriminates between individuals or companies similarly conditioned with the defendnt below in reference to the subject regulated so as to make the defendant or any such person or company the victim of arbitrary and hostile legislation. The statute does not discriminate between violations of it on wild lands and on cultivated lands even if that is not permissible. As here applied the statute does not deny to the defendant corporation the equal protection of the laws. The principles stated in Chicago, M. & St. P. Ry. Co. v. Polt, —— U. S. ——, 34 Sup. Ct. Rep. 301, and similar cases are not applicable here. The liability here is absolute upon violating the statute.

See Sturges & B. M. Co. v. Beauchamp 231 U. S. 320.

Judgment affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.