THE STATE OF FLORIDA, EX REL. A. H. WOLYN, *Relator,* v. APALACHICOLA NORTHERN RAILROAD · COMPANY, A CORPORATION INCORPORATED AND DOING BUSINESS UNDER THE LAWS OF FLORIDA, WITH ITS PRINCIPAL OFFICE AT PORT ST. JOE, FLORIDA; AND J. B. HODGES, E. L. WARTMAN, J. B. SUTTON, HARRY S. MINIUM AND P. K. YONGE, ..MEMBERS OF AND CONSTITUTING THE STATE PLANT BOARD, J. T. DIAMOND AS SECRETARY OF THE STATE PLANT BOARD, AND WILMON NEWELL, AS STATE PLANT COMMISSIONER, *Respondents.*

Opinion Filed April 29, 1921.

1. After answer by respondents, in moving for a peremptory writ, relator admits all well-pleaded averments. of respondents' answer.

2. Courts will not anticipate constitutional questions in advance of the necessity of deciding them, and where a case can be properly and effectually disposed of by a court without passing upon the constitutionality of a statute, it is the court's duty to do so.

·3. Where the constitutional validity of a statute is challenged and there are two possible constructions, by one of which the statute would be unconstitutional, and by the other it would be valid, it is the duty of the court to adopt that interpretation that brings the statute into harmony with the Constitution, if the language employed will permit.

·4. Rules and orders made by administrative boards must accord with the authority conferred upon the board by law. An administrative board can not legally confer upon its employees authority that under the law may be exercised only by the board or by other. officers or tribunals.

.5. .By Section 6 of Chapter 6885, Acts of 1915, Laws of Florida, authority is given the State Plant Board to make rules and.

regulations necessary for carrying into effect the provisions of the Act, and Section 12 of the statute provides that *"when- ever the Board shall find* there exists in this State, or any part thereof, any insect pest or disease, and that its dissemination should be controlled or prevented, *the Board* shall give public notice thereof, specifying the plants and plant products infested or infected, or likely to become infested or infected therewith, and the movement, planting or other use of any such plant or plant product  *  *  shall be prohibited  *  *  *until the Board shall find* that the danger of the dissemination of such insect pest or disease has ceased to exist, *of which the Board* shall give public notice." *Held,* That the statute does not give the Board power to confer upon employees authority to make rules or regulations nor to determine when rules or orders of the Board shall or shall not be applicable, and that the rule of the Board prohibiting the shipment of sugar cane infected or likely to be infected with mosaic disease "until such time as the Plant Commissioner shall have determined and declared that the disease has been apparently eradicated in such areas" is without authority and void.

A case of original jurisdiction.

Peremptory writ issued.

*Wm. W. Flournoy,* for Relator;

*Wm. J. Oven,* for Apalachicola Northern Railroad Company;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant, for State Plant Board.

WEST, J.—In the former opinion in this case, applying the rule that a demurrer to an alternative writ admits as true all such matters of fact as are well pleaded, it was held, assuming the allegations of the alternative writ to

be true, that there was no proper basis in fact for the rule and notice of the respondent State Plant Board in so far as it effected the area in which the Japanese seed cane of relator was located and that such rule and notice was therefore no sufficient ground for the refusal of the respondent railroad company to place a car as requested by relator for receiving his Japanese seed cane for shipment. So the demurrer was overruled.

By answer to the alternative writ the respondent railroad company bases its refusal to place a car for receiving said shipment upon the rule and notice of the State Plant Board and avers its entire willingness to receive said shipment if for any reason said rule and regulation should be found unenforcible.

The respondent State Plant Board also answered the alternative writ. This answer contains much immaterial matter, but there are averments sufficient in their nature to make an issue denying and tending to refute the allegations of the alternative writ that the rule complained of was without any evidentiary predicate.

Relator now moves for a peremptory writ. In moving for a peremptory writ relator admits all well pleaded averments of respondents' answer.

The refuting averments of the answer being admitted by this motion, the peremptory writ should be denied unless the statutory provision authorizing the rule is obnoxious to some provision of the Constitution or unless the rule appears not to be within the authority conferred by the statute. We consider these questions in the inverse order because of the established principle that courts will not anticipate constitutional questions in advance of the necessity of deciding them, and where a case can be

properly and effectually disposed of by a court without passing upon the constitutionality of a statute, it is the court's duty to do so. See 6 R. C. L. p. 76; Adams v. American Agricultural Co., 78 Fla. 362, 82 South. Rep. 850; Carolina-Florida Planting Co. v. Maige, 64 Fla. 234, 60 South. Rep. 346; Lewis v. Nelson, 62 Fla. 71, 56 South. Rep. 436; Pensacola Electric Co. v. Soderlind, 60 Fla. 164, 53 South. Rep. 722, Ann. Cas. 1912B, 1251; State *ex rel.* Russe v. Parker, 57 Fla. 170, 49 South. Rep. 124.

Rules and orders made by administrative boards must accord with the authority conferred upon the board by law. An administrative board cannot legally confer upon its employees authority that under the law may be exercised only by the board or by other officers or tribunals.

The state from which the respondent State Plant Board derives its authority to make rules and orders of the character of the one here complained of is Section 6 of Chapter 6885, Acts of 1915, reading as follows:

"The Board shall, from time to time, make rules and regulations for carrying out the provisions and requirements of this Act, including rules and regulations under which its inspectors and other employees shall (a) inspect places, plants and plant products, and things and substances used or connected therewith, (b) investigate, control, eradicate and prevent the dissemination of insect pests and diseases, and (c) supervise or cause the treatment, cutting and destruction of plants and plant products infested or infected therewith. The inspectors and employees employed by the Board shall have authority to carry out and execute the regulations and orders of the said Board and shall have authority under direction of the Board to carry out the provisions of this Act."

It will be noted that the *State Plant Board* is given authority by this statute to *"make* rules and regulations for carrying out the provisions and requirements of this Act," and the *employees* of the Board are given authority *"to carry out and execute* the regulations and orders of the Board."

If this statute should be construed as an attempt to give to the State Plant Board power to confer upon its employees official authority, or authority other than that of employees whose duty it is to carry out and execute the valid rules and orders of the Board, it would be in conflict with organic law. The statute cannot authorize the Board to appoint an officer or to confer official authority upon its employees. Sec. 27, Art. III, Constitution of Florida.

It is a familiar principle that where the constitutional validity of a statute is challenged and there are two possible constructions by one of which the statute would be unconstitutional and by the other it would be valid, it is the duty of the court to adopt that interpretation that brings the statute into harmony with the Constitution, if the language employed will permit. 6 R. C. L. p. 78; Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 South. Rep. 282; The Abby Dodge, 223 U. S. 166; United States v. Delaware & Hudson Co., 213 U. S. 366; Harriman v. Interstate Commerce Comm., 211 U. S. 407.

The statute (Section 12, Chap. 6885) expressly provides that *"whenever the Board shall find* there exists in this State, or any part thereof, any insect pest or disease, and that its dissemination should be controlled or prevented, *the Board* shall give public notice thereof, specifying the plants and plant products infested or infected, or likely to become infested or infected therewith,

and the movement, planting or other use of any such plant or plant product  *   *   *   shall be prohibited *   *   *   *until the Board shall find* that the danger of the dissemination of such insect pest or disease has ceased to exist, *of which the Board* shall give public notice."

Now the rule complained of was an attempted exercise by the State Plant Board of authority given it by this section of the statute. The rule provides:

"Rule 42A.*   In order to prevent the further dissemination of the disease of sugar cane known as mosaic, yellow striping or mottling, and in accordance with Section 12 of the Florida Plant Act of 1915 (Chapter 6885, Laws of Florida), the movement or shipment of sugar cane and of all other plants which may hereafter be found subject to this disease out of the areas defined in the public notices of the State Plant Board as being areas in which sugar cane or other plants are likely to be infected by the disease of sugar cane known as mosaic is hereby prohibited until such time as the Plant Commissioner shall have determined and declared that the disease has been apparently eradicated in such areas."

The prohibition in the rule against the shipment of sugar cane infected or likely to be infected with mosaic disease is "until such time as the *Plant Commissioner shall have determined and declared* that the disease has been apparently eradicated in such areas." But the statute does not give the *Board* power to confer upon an employee authority to make rules or regulations, nor to determine when rules or orders of the Board shall or shall not be applicable. Under the statute the *Board*, not the Plant Commissioner, must determine when the "danger of the dissemination of such insect pests or disease has ceased," and the *Board*, not the Plant Commis-

sioner, must give notice of such determination. Such a rule could not be valid for the reason that authority to determine its applicability in a given case, or that the necessity for its continuance in force had ceased could not be delegated by the Board to the Plant Commissioner. In attempting to delegate this authority to the Plant Commissioner the respondent State Plant Board went beyond its statutory power; its action was to that extent, therefore, unauthorized and the rule complained of was without authority and is void.

No valid rule or order prohibiting the "movement" of the Japanese seed cane of relator commanded by the alternative writ being shown, the peremptory writ should be issued.

Having reached the conclusion that for the reasons stated the rule is outside the authority conferred by the statute upon the Board, it becomes unnecessary to consider any other question.

Let the peremptory writ issue.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.