STATE, *ex. rel.* DAVID B. ENBY and RALPH ENBY, trading and operating as Funland Park, v. HAYES WOOD, as Tax Collector, Dade County, and W. F. BLANTON, as County Judge, Dade County.

186 So. 420.
Opinion Filed February 10, 1939.
Rehearing Denied February 24, 1939.

*B. K. Roberts* and *H. H. Wells,* for Relators;

*Melbourne L. Martin* and *H. O. Pemberton,* for. Respondents.

CHAPMAN, J.—On petition an alternative writ of mandamus was directed to the above named respondents. The alternative writ, among other things, recited that the relators were engaged in business of a permanent nature located at Northwest 7th Avenue and 24th Streets in the City of Miami, Florida, and operated under the trade name of "Funland Park." On November 25, 1938, relators de-

posited with the respondents the sum of $150.00 and demanded State and County licenses authorizing the operation of Funland Park for the fiscal year beginning October 1, 1938, based on twenty devices or side shows at $7.50 each, calculated under Chapter 18011, Acts of 1937, Laws of Florida.

Os motion to quash the alternative writ so issued, it is contended by the respondents that certain enumerated Sections of Chapter 18011, Acts of 1937, Laws of Florida, do not control, and are inapplicable to the amusement or business so operated by the relators, but that the business so operated by the relators and for which a license is sought is controlled by Section 1244 C. G. L. and Section 3 of Chapter 17758, Laws of Florida, Acts of 1937. It is clear that the petition and the alternative writ as issued describes a certain type of business, while the motion to quash and the law cited describe a business *different* in description and method of operation from that set out in the alternative writ of mandamus, and thereby present, at this state of the pleadings, purely a question of fact.

It is the admitted law of this State that on a motion to quash an alternative writ of mandamus, the said motion to quash as directed to the alternative writ, admits as true all matters of fact as are sufficiently pleaded. See State v. Jacksonville Terminal Co., 71 Fla. 295, 71 So. 474. The facts, well pleaded in this case and set out in the alternative writ, are admitted to be true on motion to quash and when an alternative writ makes a *prima facie* case a motion to quash should be denied. See State, *ex rel.* Baldwin v. Brockett, 95 Fla. 937, 117 So. 107.

The motion to quash is hereby denied and the respondents are allowed fifteen days from date hereof in which to file such answer or return as they may be advised to the alternative writ previously issued in this cause. Is it so ordered.

· TERRELL, C. J., and WHITFIELD, BROWN, BUFORD · and THOMAS, J. J., concur.