STATE *ex rel.* DAVID B. ENBY and RALPH ENBY, Trading and Operating as Funland Park, v. HAYES WOOD, as Tax Collector of Dade County, and W. F. BLANTON, as County Judge of Dade County.

191 So. 769
Division B
Opinion Filed October 6, 1939
Rehearing Denied November 6, 1939 .

*B. K. Roberts* and *H. H. Wells,* for Relators;

*Melbourne L. Martin* and *H. O. Pemberton,* for Respondent.

CHAPMAN, J.—A motion to quash the alternative writ of mandamus previously issued by this Court was denied. See State *ex rel.* David B. Enby, *et al.,* etc., v. Hayes Wood, as Tax Collector of Dade County, Fla., *et al.,* 136 Fla. 341, 186 So. 420. The order of denial likewise required the respondents to file such answer or return to the alternative writ as they or either of them may be advised.

In the motion to quash the alternative writ, the relators contended that they were engaged in a show or amusement

business of a permanent nature located at Northwest 7th Avenue and 24th Street in the City of Miami, Florida, and were liable under Chapter 18011, Acts of 1937, Laws of Florida, for the amount of a license fee to operate their show or amusement business so permanently located in the sum of $150.00, and then and there deposited the aforesaid amount with the officers of Dade County and simultaneously demanded a license to conduct or operate their business as a show or amusement permanently located in the City of Miami.

It was contended on the part of the respondents that Chapter 18011, *supra,* was inapplicable in prescribing the amount of the license fee to be paid by relators, because the relators' show business was not permanently located as represented so as to bring relators and their business within the provisions of the aforesaid Act, but on the other hand, it was a traveling show and not permanently located in Miami as contended; that they had operated the show in different towns and cities of Florida, and that the relators, as a matter of law, were amenable to pay a license prescribed by Section 1244 C. G. L., and Section 3 of Chapter 17758, Acts of 1937, Laws of Florida, being considerably larger in amount than that claimed by the relators.

The answer or return of the respondents to the alternative writ made known or represented that the relators operated a traveling show or amusement not having a permanent location in Miami, but was a traveling show and had given exhibitions at Fort Lauderdale, Florida, in February, 1938; Homestead, Florida, in February, 1938, and other places in Dade County, Florida, in March, 1938; Palmetto, Florida, in January, 1939; West Palm Beach, Florida, in February, 1939. Several photostatic copies of applications were attached to the answer or return of the respondents which

were made during the years 1938 and 1939 to Honorable J. M. Lee, State Comptroller, for a permit to engage in the business of a traveling show in the State of Florida on the part of the relators. Photostatic copies of correspondence between the relators and the Honorable J. M. Lee about the issuance of a permit to engage in the business of operating a traveling show are attached to and by appropriate reference made a part of the answer or return. These facts stand undisputed in the record.

The fact that the relators had operated a traveling show in several towns and cities of Florida and made representations to the respondents that the show or amusement enterprise so operated by relators had a permanent location in Miami is not questioned. The amount of the license prescribed by law for a show or amusement enterprise permanently located is considerably less than the amount for a traveling show. The relators were engaged in the business of operating a traveling show but paid a license only to operate a show permanently located. The respondents insist that relators should pay the amount of the license required by law to operate a traveling show.

The motion for a peremptory writ of mandamus is the equivalent of and operates as a demurrer. The relator, on a motion for a peremptory writ after return or answer, admitted the truth of well-pleaded averments in the answer or return. See Lamb v. Harrison, 91 Fla. 927, 108 So. 671; State v. Seaboard Air Line Ry Co., 92 Fla. 63, 109 So. 656; State v. Seaboard Air Line R. Co., 92 Fla. 1139, 111 So. 281; State v. Apalachicola Northern R. Co., 81 Fla. 394, 88 So. 310; State v. Thursby, 104 Fla. 103, 139 So. 372, 374; State v. Atlantic Coast Line R. Co., 97 Fla. 816, 122 So. 256.

The return or answer as made by the respondents is

adjudged to be sufficient. See State *ex rel.* Cunningham v. Davis, 123 Fla. 41, 166 So. 289; State *ex rel.* Gay v. Lee, Comptroller, 112 Fla. 825, 151 So. 49; State *ex rel.* Gillespie v. Carlton, 103 Fla. 810, 138 So. 612 State v. Seaboard Air Line R. Co., 92 Fla. 63, 109 So. 656.

Peremptory writ denied.

It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.