167 So.2d 575 (1964)
Herman W. GOLDNER, Appellant,
v.
Tom ADAMS, as Secretary of State of the State of Florida, Appellee.
No. 33709.
Supreme Court of Florida.
September 28, 1964.
Wm. Reece Smith, Jr., and Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, for appellant.
James W. Kynes, Atty. Gen., and Joseph C. Jacobs, Asst. Atty. Gen., for appellee.
PER CURIAM.
The Chancellor below denied an injunction prohibiting the submission of House Joint Resolution No. 5-X-63 to the electorate of Florida in the General Election to be held November 3, 1964. Historically, this Court has declined to interfere with the right of the electorate to act upon a proposed constitutional amendment absent a clear showing that the proposal contravenes existing controlling organic prescriptions. Gray v. Moss, 115 Fla. 701, 156 So. 262 (1934).
It is our view that it has not been demonstrated in this record that the instant proposal is so clearly and conclusively defective as to justify the intervention of this Court by the exercise of the extreme power of injunction. Being so persuaded, we are led to conclude that the decree of the Chancellor must be affirmed.
It is so ordered.
ROBERTS, THORNAL, CALDWELL and HOBSON (Ret.), JJ., concur.
*576 DREW, C.J., concurs specially with opinion.
SEBRING (Ret.), J., dissents.
DREW, Chief Justice (concurring specially):
I concur in the conclusion reached to affirm the action of the able chancellor in this case and the reasons stated for doing so. Even if I agreed with dissenting retired Justice Sebring that the constitutionality of the proposed amendment to the Constitution had been completely and finally determined, I would not be inclined at this late date to disturb the chancellor's declination to remove this proposed amendment from the ballot. This Court is presumed to know what everybody knows. There are 13 proposed constitutional amendments to be voted on in the general election; thousands of qualified electors of this State have already cast absentee ballots on which the proposed amendment appears;[1] many state and county officials have unquestionably already printed ballots for use and have probably set up their voting machines or are in the process of doing so in this election. All of said 13 proposed amendments have been duly advertised in the newspapers of this State as required by law. Accepted judicial processes would require us, as noted in the dissent of retired Justice Sebring, to send this case back to the chancellor for the entry of an appropriate order. In view of all of these things and the fact that the election is only a little more than one month away, I think the conclusion is obvious that any benefit which might accrue to the appellants in this action would be inconsequential compared to the damage, confusion and expense which the public would suffer. Long ago this Court said in Bronson, etc. v. Board of Public Instruction of Osceola County et al., 108 Fla. 1, text p. 10, 145 So. 833, p. 836, "This court is committed to the doctrine that extraordinary relief [injunction] will not be granted in cases where it plainly appears that although the complaining party may be ordinarily entitled to it, that the granting of such relief in the particular case would result in confusion and disorder, and would produce an injury to the public which outweighs the individual right of the complainant to have the relief he seeks." I can visualize no situation which fits the above quoted language of this Court more than that which is made to appear from this record.
For the above reasons as well as those stated above I conclude that the chancellor's judgment was eminently correct.
ROBERTS, THORNAL, O'CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.
SEBRING, Justice, Ret. (dissenting):
I am of the opinion that the case in which this appeal was taken is controlled by the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution as the same is construed in Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506; WMCA, Inc. v. Lomenzo, 377 U.S. 633, 84 S.Ct. 1418, 12 L.Ed.2d 568; Maryland Committee for Fair Representation v. Tawes, 377 U.S. 656, 84 S.Ct. 1429, 12 L.Ed.2d 595; Davis v. Mann, 377 U.S. 678, 84 S.Ct. 1441, 12 L.Ed.2d 609; Roman v. Sincock, 377 U.S. 695, 84 S.Ct. 1449, 12 L.Ed.2d 620, and Lucas v. Forty-Fourth General Assembly, 377 U.S. 713, 84 S.Ct. 1459, 12 L.Ed.2d 632; filed June 15, 1964. I therefore respectfully dissent from the majority judgment entered by this Court, because I think that the final decree appealed from should be reversed with directions that a final decree be entered in the court below granting the relief prayed for by the appellant.
NOTES
[1] Sec. 101.62, Florida Statutes 1963, F.S.A., provides for absentee voting "at any time during the forty-five days preceding any election."