## STATE, ex rel. SPOTTSWOOD v. MONROE COUNTY.
### No. 4-210.
Circuit Court, Monroe County.
October 28, 1964.

William V. Albury, Key West and Leo L. Foster and John A. Madigan, Jr. of Parker, Foster & Madigan, Tallahassee, for relator.

Paul E. Sawyer, Key West and Ward & Ward, Miami, for respondents.

AQUILINO LOPEZ, Jr., Circuit Judge.

*Final judgment and opinion*: An alternative writ of mandamus was issued herein directed to the respondents, Gerald Saunders, Chairman, Harry Harris, William A. Freeman, Jr., William L. Osterhoudt, Harry S. Pritchard, Sr. as and constituting the board of county commissioners of Monroe County, commanding

them to cause to be published in the *Key West Citizen*, a newspaper of general circulation in Monroe County, no later than October 4, 1964, a notice of the referendum provided for by chapter 63-1643, Laws of Florida, and to do all acts necessary to be done to place on the ballot of the general election of November, 1964, the referendum provided in said chapter 63-1643, Laws of Florida; or to show cause before this court on the 12th day of October, 1964, at 10 A.M. why such had not been done. It was further provided that compliance with said order by calling said election would not prevent respondents from attacking the proceedings or constitutionality of said law.

In accordance with the said alternative writ, respondents made the necessary publication ordered by said writ and took steps to place said referendum on the general election ballot; in addition, however, respondents filed a motion to quash and an answer or return in the form of a "Response" to the alternative writ, attacking the constitutional validity of the subject statute. Relator thereupon filed a motion for peremptory writ notwithstanding the return.

These matters having come on for hearing before me on October 26, 1964, and this court having heard arguments by counsel for the respective parties and having received and studied briefs and memoranda of law submitted by counsel, and being otherwise advised in the premises, the court makes the following conclusions of law —

(1)   A motion to quash an alternative writ admits as true all matters of fact as are sufficiently pleaded, and when an alternative writ makes a prima facie case, a motion to quash should be denied. See State ex rel. Enby v. Wood, 136 Fla. 341, 186 So. 420.

(2)   Historically, courts decline to interfere with the right of the electorate to act in a referendum upon a proposed law, absent a clear showing that the proposed law contravenes existing controlling organic prescriptions. It is my view that it has not been demonstrated in this case that chapter 63-1643, to be voted upon by the people in the ensuing general election, is so clearly and conclusively defective as to justify this court in removing it from the ballot just prior to the forthcoming election. See opinion of the Supreme Court of Florida in Herman W. Goldner v. Tom Adams, as Secretary of State of the State of Florida, filed September 28, 1964, designated as Case No. 33,709 [167 So.2d 575].

It is therefore ordered, adjudged and decreed as follows —

That respondents' motion to quash is denied.

That the referendum which has been placed on the ballot pursuant to stipulation of the parties shall remain thereon to be voted upon on November 3, 1964, and the results thereof shall be certified and canvassed according to the law.

That several questions have been raised as to the constitutionality of the Act in question and of some sections thereof. The court withholds a ruling thereon at this time.

The relator's petition for peremptory writ of mandamus is granted, but the writ shall issue only if the respondents fail to comply with this judgment in keeping the referendum on the ballot, in which event it shall issue automatically.