ALLEN, Chief Judge.
The appellant-plaintiff appeals from a judgment entered pursuant to a jury verdict in favor of the appellee-defendant in a personal injury action.
The injured youth was 13 years old when he was injured by falling into a hole which had been dug in the street by Birdsall Construction Company. The boy was delivering papers on his bicycle prior to sunrise when he was injured. The appellee was laying sewers in the city pursuant to a contract at the time of the accident and it contends that the street in which the hole was dug had been blocked by a detour sign, flambeaus, and various barricades.
The appellant’s first point on appeal concerns the applicability of Sections 768.10 and 768.11, Florida Statutes, F.S.A., which provide:
“It is not lawful for any company or individual to leave'open any pit or other hole outside of an enclosure of a greater depth and breadth than two feet; provided, however, such pit or hole may be left open by enclosing the same with a fence or other enclosure that would be a safeguard against horses, cattle or other domestic animals falling into the same; provided further, that this section shall not apply to pits or holes made by any company or individual while bona fide engaged in actual mining operations, such pits and holes to be enclosed as herein provided when said mining operations shall' cease or be discontinued.” (Section 768.10)
“Any company or individual who may leave open pits or other holes contrary to the provisions of § 768.10 shall be liable in damages to any person injured thereby in an amount double the actual damages sustained, which may be recovered in any court of competent jurisdiction.” (Section 768.11)
The appellant contends that the-above acts apply to the situation here and that the court should have instructed the-jury on them. Appellee contends that the statutes apply only to injury to cattle and “person injured” referred to in § 768.11 is-injury to property and not persons.
*896 The Florida Supreme Court, in Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 So. 282, and also in the case of Koval v. O’Neal, Fla.1950, 46 So.2d 25, has interpreted §§ 768.10 and 768.11, Florida Statutes, F.S.A., contrary to the contentions of the appellant.
In Koval v. O’Neal, supra, our Supreme Court, in an opinion by Mr. Justice Terrell, said:
“Appellant brought this action to recover damages for the wrongful death of her minor son, relying on Sections 768.10 and 768.11, Florida Statutes 1941, F.S.A. The point for determination is whether or not said statutes authorize recovery for the wrongful death of a minor child.
“Appellant contends that these statutes should be read in pari materia with Sections 768.01, 768.02 and 768.03, Florida Statutes 1941, F.S.A. that they are all included under a single title relating to ‘torts’ and that if so read and construed, recovery may be had for the wrongful death of a minor child.
“We are of the view however, that the point raised was settled contrary to the contention of appellant in Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 So. 282, so the fact that all the relevant statutes were included under one title does not control the point raised in this case. Affirmed on authority of the last cited case.”
The appellant’s second point is that the trial judge erred by instructing the jury that the appellee lawfully obstructed the street where plaintiff was injured where no ordinance or other evidence was before the court that the appellee had a right to obstruct the street.
Appellant contends that the appellee’s power to obstruct would depend on a city ordinance or a contract with the city and that there is no evidence of either in the record. The instruction objected to stated:
“One lawfully obstructing a street or highway may assume that travelers will exercise ordinary care to avoid injury therefrom, and is not chargeable with negligence in failing to give notice or warning or any obstruction which should be discovered by the exercise of such care.”
Appellee replies that there was testimony in the record as to a contract between the appellee and the city, even though no written contract was introduced. The superintendent of the defendant corporation testified that the defendant had a contract with the City of Riviera Beach for the construction of a sanitary sewer in the subdivision of Riviera Beach which was located west of U. S. Highway No. 1. The work being done was in the vicinity of 34th Street and Rainbow Avenue. The hole in which the defendant fell was a part of this particular project. We have examined the record and find no objection was made to this testimony by the plaintiff.
The case was tried on negligence and contributory negligence. There was evidence before the jury to show that the street was barricaded on each end and that the workmen were busy working in that area laying a sanitary sewer pipe. The unfortunate injured youth knew that work was going on; that he had carried his papers in this area before; that just the day before, during daylight, he came over this same route delivering his papers. As a matter of fact, the record divulges that there was pipe lying across the street and that this boy had gotten off of his bicycle and lifted it over some of these pipe. There was also admittedly some counter evidence but this was for the jury’s determination.
No question is raised as to the sufficiency of the evidence, only two questions being noted by the appellant on this appeal.
Affirmed.
SMITH, J., and KELLY, CLIFTON, Associate Judge, concur.