·GEORGE W. STIEFF, APPELLANT, VS. S. A. HARTWELL, APPELLEE.

1. Under the statute of 1887 (section 57 ;of Chapter 3681, Laws of Florida) it is permissible for the clerk of the Circuit Court to include in one tax deed different pieces or parcels of land which belonged to different owners and are included in different certificates, where all of such pieces or parcels are bought at the same tax sale by the same purchaser, and the same were singly and separately sold, and not sold for a gross or lumping sum, and the deed describes each tract separately, and states the price for which each was sold.

2. A tax assessment is not invalid because not completed during the year for which it was made. As a general rule a provision in a statute naming the time when an act is to be done in the assessment and collection of taxes is a direction, and not a limitation.

3. Where no objection is made to the form of the warrant under which a sale for taxes is made, the *prima facie* presumption of regularity which the statute attaches to the deed sufficiently indicates the regularity of such warrants in all respects.

·4. A tax deed when offered in evidence was objected to upon the ground that the advertisement of the tax sale upon which the deed was made was not recorded within ten days after the sale as required by law. It was admitted by the parties that such

record was made thirteen days before the sale, but the record of the case here does not show whether such record of the advertisement was made before or after all the insertions of the same in the newspaper, as required by law: *Held*, That the record of such advertisement might be made before the sale, but not until after the insertion of the same in the newspaper the number of times required by the statute. Construing the phrase, "within ten days after said sale," as a limitation, a record made thirteen days before the sale was within the limitation.

5. The State acquires no title by the sale of real estate to a city for city taxes; and a deed, in pursuance of such a sale, in which the State is the grantor is inoperative to convey any title to the grantee.

Appeal from the Circuit Court for Orange county.

The facts in the case are stated in the opinion of the court.

*Arthur F. Odlin*, for Appellant.

*W. R. Anno*, for Appellee.

LIDDON, J.:

The appellant (plaintiff below) brought an action of ejectment against the appellee (defendant below) to recover a lot in the city of Orlando. The defendant plead not guilty. The case, by consent of parties, was submitted to the court without a jury, and judgment was rendered for defendant. The plaintiff relied upon a tax deed executed September 11th, 1890, in pursuance of a sale of the premises on September 4th, 1889, for the State and county taxes due thereon for the year 1888. The defendant in support of his plea offered a master's deed, of a date subsequent to the tax deed of the plaintiff made upon a foreclosure sale of the property in dispute, and also a tax deed to the premises

made February 21st, 1891, based upon a sale made August 5th, 1889, for taxes due the city of Orlando for the year 1888.

Several objections were urged against the validity of the plaintiff's tax deed, when it was offered in evidence at the trial. These objections were overruled, and the deed admitted in evidence. We find that none of these objections were valid, and the objections being decided in favor of the appellant, we would not consider them further, except that to give our opinion upon the matters involved in them may be useful to the parties in a future trial, as for reasons hereinafter stated the judgment must be reversed and a new trial awarded.

The objections in question, as shown by the record, were three in number and as follows: 1st. Because the said deed conveyed eight other tracts of land in the same instrument, not proven to be lands of this defendant, while the law contemplates a separate deed for each tract sold separately of different owners. 2nd. Because the assessment of said lands so sold was not completed within the year for which the levy was made, *viz:* the year 1888, but the assessment was not completed until February 6th, A. D. 1889. 3rd. Because the record of the advertisement of the said tax sale required by law to be made within ten days after the sale was never so made. The first objection does not allege any sale in gross, or for a lumping sum, of several tracts of land. The statute under which the deed was made (sec. 57, Chap. 3681, acts of 1887) provides that "on the presentation of such *certificate or certificates* of sale to the clerk of the Circuit Court, * * * he shall execute to the purchaser, or his heirs or assigns, *a deed* to the land therein described," etc. In the same section is the form of deed prescribed by law, and which, by being incorporated into the

statute, becomes a part of it.   This form makes provision for one ''piece or parcel,'' or for several ''pieces or parcels,'' and provides that ''if more than one tract or parcel was sold to such purchaser,'' that the several sums shall be mentioned, ''describing each tract purchased separately and state the sum for which each was sold.''   An examination of the deed objected to shows that while it does convey eight other tracts of land beside the one in dispute, and not shown to belong to the same owner, as stated in the objection, it shows that all of the tracts were sold to one purchaser, it specifically and separately describes each tract purchased, and states the sum for which each was sold, and is in every respect in strict compliance with the form contained in the statute.   The section of the statute referred to makes the deed *prima facie* evidence of the regularity of the proceedings from the valuation of the land by the assessor to the date of the deed inclusive.   There is nothing in the objection to show that each piece and parcel of the land was not separately and singly sold to the same purchaser at the same general tax sale; and if they were sold in such manner, there is no objection to their being all incorporated in one deed.   The presumption of regularity created by the statute, in the absence of contrary allegation or proof, is sufficient showing that the lands embraced in the deed were legally and properly sold.   We are not alone and unaided in our construction of the matter. The following authorities, among many others, sustain the views announced: 2 Desty on Taxation, pp. 973, 974; Towle vs. Holt, 14 Neb. 221; Watkins vs. Inge, 24 Kansas, 612.

The second objection was not well taken.   An assessment is not invalid because not completed during the

year for which it is made. The statute (section 32, Chap. 3681, laws of 1887) provides that "if for any cause" the "warrant and assessment rolls shall not be delivered to the tax collector on or before the first Monday of November of any year, or the tax collector shall fail or omit to obey the command thereof as therein required, it shall be the duty of the county commissioners to issue another warrant in the same form as the above provided, except that they shall name and appoint therein such day as in their judgment may be proper, not exceeding sixty days from the first Monday in March, by which the taxes shall be collected and paid over, and final settlement be made with the Comptroller and county commissioners." The portion of the section preceding that quoted provided the form of warrant to be given under the hand and seal the assessor, when his books were completed before of the first of November. The portion quoted makes a change in the form of the warrant, under circumstances stated, and provides that it be issued by the county commissioners themselves. No objection was made to the warrant. The *prima facie* presumption of regularity which the statute attaches to the deed, in the absence of objection, sufficiently indicates the regularity of the warrant in all respects. The deed shows that the tax sale was had more than sixty days after the first Monday in March, which was the limit of time to be named for the collection and payment over of taxes, in the warrant which the statute authorized the commissioners to issue. This direction to the director to make collection by a certain day did not prevent the officer from continuing his duties and enforcing collections by sales after such times. Sama vs. King, 18 Fla. 557. An assessment for taxes under the statute in question did not necessarily have to be completed

within the year for which the assessment is made.   As
a general rule, a provision in a statute naming the time
when an act is to be done in the assessment and collec-
tion of the taxes, is a direction, and not a limitation.
There must be something in the statute indicating that
the time named was intended as a limitation, before
the courts will construe it as such.   Burroughs on Tax-
ation, p. 249; State vs. Northern Belle Mill & Mining
Co., 15 Nev. 385; Perry County vs. Selma, Marion &
Memphis R. R. Co.; 58 Ala. 546, text 562; Bradley vs.
Ward, 58 N. Y. 401.   This court has held in the City
of Pensacola vs. Bell, 22 Fla. 469, that an assessment
for municipal taxes which was not completed until after
the expiration of the year for which the taxes were
levied was valid.

The third objection was, that the record of the ad-
vertisement of the tax sale required by law to be made
within ten days after the sale was never so made.
Under this objection it was admitted by both parties
that the record was made thirteen days before the sale.
The defendant contended that it should have been
made after the sale, but within ten days afterward.
The provisions of the statute under consideration rela-
tive to recording the advertisement are in the forty-
seventh section of Chapter 3681.   In the first part of
the section is a provision that "a copy of the adver-
tisement shall be recorded in the county clerk's office
within ten days after said sale."   Then, after provis-
ions for other matters, including the form of the adver-
tisement, occurs the following: "The publishers, pro-
prietors or foreman of any newspaper publishing any
such notice, shall forward a copy of each number of
his paper containing such notice to the tax collector
and clerk of the Circuit Court, and Comptroller, by
mail, and shall make an affidavit setting forth a copy

of such notice, with the date of the first publication thereof, and number of insertions, sworn to and subscribed before some officer authorized to administer oaths in the county in which said newspaper is published, and shall send such affidavit to the clerk of the Circuit Court, where such land is situated, who shall record the same among the records of his office,'' etc. Construing these two provisions together, we construe the latter as an elaboration of the former, a statement in detail of what is first stated in a terse general manner. To construe it otherwise would be to require two copies of the advertisement to be recorded, as to one of which no provision is made as to the proof upon which it should be recorded. Construing together all the provisions of the section in reference to record of the advertisement, it appears that the object of the statute is to preserve in the permanent form of a record the evidence that an advertisement of the sale of the property in proper form was duly made as required by the act. As a matter of course this proof as to due publication by the requisite number of insertions could not be made until after all the insertions required by the act. The time of publication of the advertisement, or of the several insertions of the same in the newspaper is not shown. , The act required only that it should be published ''once in each week for four successive weeks.'' By this requirement of the act it was not necessary that the publication should be continuously up to the date of the sale. 2 Besty on Taxation, p. 832; Watkins vs. Inge, 24 Kansas, 612, text 616. We are not advised by the record whether the record of the advertisement was made before or after all the insertions of the same in the newspaper required by the statute. It might have been recorded thirteen days before the sale, but yet after the completion of

the advertisement as required by law. The presumption of regularity as to all previous proceeding, with which the statute invests the deed, in the absence of contrary proof, shows that the record of the advertisement was made after the completion of the same in the newspaper. Without reference to the rule already quoted, that a provision in a statute naming the time when an act is to be done in the assessment and collection of taxes is a direction, and not a limitation, but construing the phrase "ten days after sale," as a limitation of the time when the advertisement is to be recorded, we hold that a record after completion of the advertisement, but thirteen days before the sale, would be within the limitation, and properly made.

When the defendant offered his city tax deed in evidence numerous objections were made by plaintiff to its admissibility, which were overruled and the deed was admitted. An examination of the deed shows it has a fatal defect, which should have been, but was not, made a ground of objection in the court below. Still, as it is a vital defect in the deed, necessarily invalidating it, it is useless to consider the objections made by plaintiff below, which consisted mainly of alleged irregularities in the exercise of the taxing power by the city. The defect alluded to is, that the State, instead of the city, is made the grantor in this deed. The State had no title under the city tax sale. The property had been sold to the city. In such a case the city, and not the State, should have been the grantor. Such is the effect of the fifty-eighth section of the act, *supra*, which provides that "the clerk of the Circuit Court shall make the deed for all lands sold for the nonpayment of taxes by any city or town, and not redeemed substantially in the same form" as deeds for land sold for State and county taxes; and of the fifty-

ninth section which provides that "all tax deeds shall be issued in the name of the State, or city or incorporated town, as the case may be." The question has been expressly determined by this court, under a similar statute, that "a tax deed after sale of land due for city taxes should be in the name of the city, and not in the name of the State." Same vs. King, 18 Fla. 557, text 572. The proposition was again reaffirmed in Florida Savings Bank & Real Estate Exchange vs. Brittain, 20 Fla. 507, text 512, and has the approval of the following text-books: Black on Tax Titles, sec. 389; 2 Blackwell on Tax Titles, sec. 755.

From what has been said it follows that the plaintiff having exhibited *prima facie* evidence of title, and the defendant having exhibited no title that could countervail that of the plaintiff, a judgment should not have been rendered for the defendant.

The judgment of the Circuit Court is reversed and a new trial ordered.