BOARD OF COUNTY COMMISSIONERS OF LAFAYETTE COUNTY, FLORIDA, *Plaintiffs in Error*, v. JOSEPH J. HADLEY, *Defendant in Error*.

1. Chapter 6180 of the Laws of Florida (Acts of 1911, page 122) in providing that an election may be held in a county, to determine whether the sale of intoxicating liquors, wines or beer shall be prohibited therein, not often than once every four years. is in conflict with section 1 of Article XIX of the State Constitution, which gives the right to hold such election every two years, upon condition that all the requisite preliminary steps had been taken, and such Chapter is unconstitutional, null and void.

2. Respondents in an action of mandamus will not be permitted to avail themselves as a defense of their own illegal acts.

Writ of error to the Circuit Court for LaFayette County.

The facts in the case are stated in the opinion of the court.

*L. E. Roberson, J. M. Gornto, A. L. Auvill,* and *H. W. Adams,* for Plaintiffs in Error;

*McCollum* & *Harrell,* for Defendant in Error.

SHACKLEFORD, J.—Joseph J. Handley, the defendant in error, filed a petition to the Circuit Judge of the Third Judicial Circuit of the State of Florida for an alternative writ of mandamus to compel the Board of County Commissioners of LaFayette County, Florida, to call and provide for an election in such county to decide whether the sale of intoxicating liquors, wines and beer shall be prohibited therein, under the provisions of Article XIX of the State Constitution and the laws passed to carry out and enforce such provisions. Very briefly stated, the petition sets forth that the petitioner and others, comprising four hundred in number and constituting one-fourth of the registered voters of such county, had signed the application to such Board for the calling of such election, that more than two years had elapsed since any election had been called or had in such county for such purpose, but that such Board of County Commisiosners had refused to grant such application or to call such election. An alternative writ of mandamus issued upon this petition and the Board of County Commissioners filed a motion to quash such writ and also interposed a demurrer to the *petition.* The court refused the motion to quash and overruled the demurrer. The County Commissioners then filed their return to such writ, from which we copy the following paragraphs:

"And the relators (respondents) further answering say that at the time of the alleged presentation of said peti-

tion, and now, there is an act of the Legislature of the State of Florida, to-wit, Chapter 6180 of the Laws of Florida, which requires that at least four years shall elapse between the calling and holding of local option elections, and they felt then and still feel that they should be governed by said law until the same is judicially declared inoperative or is repealed; and that four years have not elapsed since the last preceding local option election was held in said county.

And the relators (respondents) further answering show that said alleged petition was filed on the 4th day of December, A. D. 1911; that thirty five days have elapsed since that date, and that it would not be possib'e for them now to call and advertise the election thirty days within the constitutional period of sixty days, from the presentation thereof."

A motion to quash this return was sustained and a final judgment was rendered awarding the peremptory writ of mandamus. To this judgment the County Commissioners have taken a writ of error and have assigned five errors. In our opinion, only two points merit con sideration, and to those we now direct our attention.

Chapter 6180 of the Laws of Florida, (Acts of 1911, page 122) upon which the County Commissioners based their refusal to call the election sought, is as follows:

"AN ACT to Amend Section 1209 (857) Chapter XV of the General Statutes of the State of Florida, Relating to Local Elections Concerning the Sale of Liquor.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1. That Section 1209 (857) of the General Statutes of the State of Florida be amended so as to read as follows:

1209. (857 Petition, Order and Notice of Election.—
The Board of County Commissioners of each county
shall upon the presentation to said Board, at a regular
or special meeting thereof, a written application asking
for an election in the county in which said application
is made, to decide whether the sale of intoxicating liquors,
wines or beer shall be prohibited therein, and signed
by twenty-five per cent of the registered voters of said
county, order an election in said county, not oftener
than once every four (4) years, to decide whether the
sale of intoxicating liquors, wines or beer shall be pro-
hibited in said county; and shall cause the clerk of said
Board to give at least thirty days' notice of said elec-
tion by publishing the same in one newspaper in each
and every town in said county, if a newspaper or news-
papers be published in said county, and if none, then by
posting at least ten written notices of said election in
the most public places in said county, one of which shall
be at the Court House.

Sec. 2. This Act to go into effect immediately upon
its passage and approval by the Governor.

Approved June 10, 1911."

The defendant in error contends that this Chapter
is unconstitutional, being in conflict with Section 1 of
Article XIX of the State Constitution, which is as fol-
lows:

"The Board of County Commissioners of each county
in the State, not oftener than once in every two years
upon the application of one-fourth of the registered
voters of any county, shall call and provide for an elec-
tion in the county in which application is made, to de-
cide whether the sale of intoxicating liquors, wines or
beer shall be prohibited therein, the question to be deter-

mined by a majority vote of those voting at the election called under this section, which election shall be conducted in the manner prescribed by law for holding general elections; Provided, That intoxicating liquors, either spirituous, vinous, or malt, shall not be sold in any election district in which a majority vote was cast against the same at the said election. Elections under this section shall be held within sixty days from the time of presenting said application, but if any such election should thereby take place within sixty days of any State or National Election, it shall be held within sixty days after any such State or National election."

The Circuit Judge sustained this contention, and in this we think that he was clearly right. The makers of the Constitution, by virtue of the language adopted to express their views, evidently intended to provide that the election referred to in such section could be held every two years, upon condition that all of the requisite preliminary steps had been taken, but "not oftener than once in every two years." If the Legislature could change this limitation from two to four years, as is attempted to be done in the quoted Chapter, it is obvious that it would likewise have the power to make such limitation six, eight, ten, twenty or whatever number of years it might be pleased to fix. In effect this would nullify the provision of the Constitution, which it is needless to say is beyond the power of the Legislature.

The other ground upon which the Commissioners based their refusal is that thirty-five days have elapsed since the petition was filed and it would not be possible to give at least thirty days' notice of such election by publication, in accordance with the statutory requirement, and to hold such election within sixty days from the time of the petition, as the Constitution provides. Suffice it to

say that the Commissioners themselves are responsible for such a condition of affairs and they will not be permitted to avail themselves as a defense of their own illegal act. These two points are decisive of the case. The judgment must be affirmed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.