THE STATE OF FLORIDA ex relatione J. W. GILLESPIE, L. F
RODGERS and JAMES G. MARTIN, *Relators*, vs. BEN D.
THURSBY, Chairman, et al., and ED. JOHNSON, Chair-
man, et al., *Respondents*.

139 So. 372.

En Banc.

Opinion filed January 25, 1932.

Petition for rehearing denied April 14, 1932.

*Vocelle & Mitchell* and *H. A. Lasseter*, Attorneys for Relators;

*W. J. Gardiner*, Attorney for Ben D. Thursby, et al.

*H. A. Henderson*, Attorney for Ed Johnson, et al.

DAVIS, Commissioner.—This is a case of original jurisdiction wherein it appears that the legislature of 1931 enacted a law, House Bill No. 1306, (Chapter 14776, Laws of Florida, 1931, p. 558) abolishing the Board of Bond Trustees of Ocean Shore Improvement District, a special taxing district comprising certain territory in Flagler and Volusia Counties. Prior to the enactment of this

statute, it was the duty of the said Board, on or before July first of each year, to make and submit to the Boards of County Commissioners of said counties, an estimate of the amount of money necessary to be raised by taxation against the taxable property in said district, to pay the interest upon and create a sinking fund for the payment of the principal of bonds of the District; that this Court, during the present (June) term, in a mandamus proceeding, brought by relators against the said Board of Bond Trustees, held that the provisions of said Act, insofar as it sought to abolish the said Board of Bond Trustees, were unconstitutional and ordered a peremptory writ of mandamus requiring the said Board to make and submit an estimate of money necessary to be raised by taxation against the taxable property in said district to pay the obligations of said district due relators as holders of its bonds, and that said Board convened, made and prepared such estimate and submitted the same to the said Boards of County Commissioners; that the Board of County Commissioners of Volusia County has levied twelve mills on the dollar against the taxable property of said district in said county, and Flagler County has levied no tax whatever, and that the levy so made in Volusia County is not sufficient to raise the amount required to be raised in said district for the year 1931.

In response to the alternative writ of mandamus issued herein, and which was served on October 31, 1931, the Volusia County officials, who are respondents herein, made their return to the writ wherein they say that the Board of County Commissioners of said County, on the 28th of August, A. D. 1931, levied a tax of twelve mills on the dollar for the year 1931, on all property in said county, lying and being within said district, for the purpose of paying interest and creating a sinking fund for the retirement of the bonded debt of the district; that no

estimate had been furnished or delivered to the said
Board of County Commissioners by the said Board of
Bond Trustees before the said levy was made, but that an
estimate was made and delivered to the said Board of
County Commissioners by the Board of Administration
of the State of Florida, under and by virtue of the said
Act of 1931, which had not at that time been passed upon
by the Court; that the said levy of twelve mills was
based upon and computed from an estimate of revenues
for said district, which estimate was computed from an
estimate made and delivered to the said Board of County
Commissioners of said County, by the Board of Adminis-
tration of the State of Florida, and from the records of
the several bond issues of said district on file and of
record in the office of said Board of County Commission-
ers; that said estimate shows anticipated revenues for
the said district, stating the amounts for tax redemption,
for gas tax and auto transportation, and the amount
due to be paid by Flagler County upon the said bonded
debt; that it now appears that the figures in said es-
timate for the gas tax and transportation tax allocated
to the district were less than they should have been, that
the valuation of the taxable property of the district was
underestimated, and that by reason thereof additional
sums will be received by said district from these sources
of revenue; that the moneys that will be received by
reason of the said underestimating, together with the
amount reserved for contingencies, will be more than
sufficient to provide for loss resulting by incorrect com-
putation of interest due on one series of bonds, and the
failure to include certain interest past due; that the said
estimate does not contain an item showing the antici-
pated tax moneys to be received from the levy of a tax
on property in said district lying in Flagler County for
the reason that at the time said estimate was made and
the said twelve mills tax was levied, by the Board of

County Commissioners of Volusia County, the Board of County Commissioners of Flagler County had not levied any tax for Flagler County for the year 1931; that on the 28th of August, 1931, and within the time authorized and required by Chapter 15660, Laws of Florida 1931, the Board of County Commissioners of Volusia County levied all taxes for Volusia County, including said twelve mills tax upon all property of said district within Volusia County, and that the Tax Assessor of said County prepared three tax rolls for said County, which were completed and turned over to the Board of County Commissioners at a meeting of such board held on the first Monday in October, A. D. 1931, at which meeting the said County Commissioners examined in part the said tax roll, but because of insufficient time, did not complete the examination until Oct. 20th, 1931, when they endorsed and certified on said three rolls, that they had examined them and that they were correct; that immediately thereafter, the said Tax Assessor issued and annexed to one of the said tax rolls, his warrant as provided by law and did immediately deliver one copy of said tax roll to the Clerk of the Court, one copy to the Tax Collector of Volusia County and one copy to the Comptroller of the State; that the Tax Collector of said county had, up to and including the 5th day of November, A. D. 1931, collected from 285 taxpayers owning property in said district, the sum of $4,499.32, and that tax moneys were being received daily from property owners owning property in the district; that the total value of the taxable property in the district in Volusia County is more than one-fourth of the taxable property for said County, and that 141 pages of the tax roll for 1931 were required to describe it; that notwithstanding the willingness of the said Board of County Commissioners to levy an additional tax for the purpose of paying the interest and taking care of the sinking fund for

the bonded indebtedness of said district, they know of no authority of law or procedure whereby such additional tax may be levied, and if such authority or procedure was known, there is no fund available whereby the original tax roll could be changed, rewritten or a sup-plemental roll prepared. The return contained other allegations which are not necessary to refer to here.

The officials of Flagler County have moved the Court to quash the alternative writ and have also filed a return wherein it is admitted that no tax was levied by the Board of County Commissioners of that County on the property in said district lying in that County for the reason (omitting details) ''that the proportionate rate of the contribution of that portion of the said district that lies in Flagler County is 1.76 per cent of the total contribution that will be required to meet that portion of said Improvement District that lies in Flagler County'', and that the reason that there was no millage levied by the said Board of County Commissioners for said district was that based upon estimates, they honestly believed there would be more gas tax distributed to Flagler County for the use of said district than the 1.76 per cent that was owing by Flagler County's portion for the payment and redemption of said bonds and interest, and that there would be no necessity for levying a millage in said district for that purpose. Otherwise they would have willingly made the necessary levies.

The relators have moved the Court to issue a peremptory writ, the return to the alternative writ notwithstanding, upon the grounds that said return sets forth no legal reason why the peremptory writ should not issue, and because they show a clear legal right on the part of relators to the performance of the duties required.

After answer by respondents, in moving for peremptory writ of mandamus, relator admits all well pleaded aver-

ments of respondents' answer. State vs. Apalachicola N. R. Co., 81 Fla. 394, 88 So. 310.

In the light of the decision in the case of the State of Florida ex rel., J. W. Gillespie, L. F. Rodgers and James C. Martin, vs. Ed. Johnson, Chairman, L. O. Upson, J. E. Pierce, C. M. Bingham and W. H. Courtney, as and constituting the Board of Bond Trustees, etc., decided Oct. 17, 1931, it was the duty of the Board of County Commissioners of Flagler and Volusia Counties to levy upon all property in the said district, the tax determined by its board of bond Trustees for the year 1931, and it was the duty of the Tax Assessors and collectors of said counties, respectively, to make the assessments and collections of such taxes unless the County Commissioners and Tax Assessor ceased to have any relation to the tax by reason of the tax rolls having been placed in the hands of the tax collector, the clerk of the Circuit Court and the State Comptroller, prior to the issuance of the alternative writ of mandamus herein. This duty, if it was a duty, was never discharged by the said officials, and it is now insisted in the brief filed on behalf of the Volusia County officials, that its commissioners cannot be compelled to levy, the tax assessor to assess nor the tax collector to collect, an additional or supplemental tax because the time for making the levy and assessment has expired and the tax rolls have been delivered, according to law, and a substantial portion of the taxes have been collected. The record does not disclose any wilful dereliction of duty on the part of the officials involved. The machinery for the assessment and collection of the tax was thrown out of gear by the legislation of 1931, and matters were not put right until this court handed down its decision in the mandamus proceeding against the said Board of Bond Trustees, on October 17th, 1931, which was only three days before

the County Commissioners of Volusia County certified to the correctness of the tax rolls.

Relators refer us to Board of Commissioners vs. Handley, 63 Fla. 90, 59 So. 14, which was a mandamus proceeding to compel the Board of County Commissioners of Lafayette County to provide for and call an election in said county to decide whether the sale of intoxicating liquors should be prohibited therein. One of the grounds set up by respondents as a defense to the alternative writ in that case, was that under the law then in force, a petition was presented asking for the election and the election had to be held within sixty days from the time of presenting said application, and that inasmuch as thirty-five days had elapsed since the application was filed, it would not be possible to give the thirty days' notice required by law to hold the election within the constitutional period of sixty days from the time of presenting the application. Our attention is directed to the following language of the court in disposing of this contention: ''Suffice it to say that the Commissioners themselves are responsible for such a condition of affairs, and they will not be permitted to avail themselves as a defense of their own illegal act'', with the suggestion, by inference at least, that we should apply the stated principle to this case. We cannot do this. The Volusia County officials were not responsible for the conditions that arose by reason of the passage of House Bill No. 1306, nor were they guilty of any illegal act. It was not up to them to disregard the provisions of House Bill No. 1306, Acts 1931. Indeed, it was their duty to obey the statute until in proper proceedings those provisions of the statute relating to their duties were passed upon by the Courts, for they were presumptively valid. State ex rel. vs. State Board of Equalizers, 91 Fla. 592, 94 So. 681.; 30 A. L. R. 362, and authorities therein cited. Neither the said County Commissioners nor the Tax As-

sessor nor Tax Collector were parties to the proceedings against the Board of Bond Trustees, nor were they advised of the estimate made by the said Trustees, until after October 24th and before November 1st, 1931, the date when the tax books were supposed to be open for the payment of taxes.

Under our statute, the duty devolved upon tax assessor to turn over on the first Monday in October, the original and two copies of the assessment roll, to the County Commissioners, whose duty it was, after having examined and corrected them, to endorse thereon a certificate that they had so examined them and that they were correct, and then the further duty devolved upon the tax assessor to deliver one copy to the comptroller, one copy to the tax collector and to file the original in the office of the Clerk of the Circuit Court, and the statute expressly provides that ''the County Commissioners shall not have the power to change any assessment after the copies have been delivered to the tax collector and comptroller and the original filed with the clerk of the court.'' (Secs. 934, 936, Compiled Gen. Laws of Florida, 1927). These duties were performed before the alternative writ issued in this case, and before the said Board of Bond Trustees prepared and submitted to the said Board of County Commissioners, the amount of money necessary to be raised by taxation against the taxable property of the district for the year 1931.

Under Chapter 15660, Laws of Florida, Acts 1931, p. 1171, authority was given to defer the making of tax levies for State, County, District and school purposes for the year 1931 until the enactment of a permanent Tax Levy Bill for the biennium beginning July 1, 1931, not extending beyond the first Monday in September, 1931. Such a tax levy bill was enacted and became a law on July 27, 1931, (Chapter 15786, Laws of Florida, Acts 1931, p. 139). It is not contended by relators that the

County Commissioners and tax assessor of Volusia County had not performed their duties as called for by the provisions of House Bill No. 1306, taken in connection with related statutes. And in this connection it may not be out of place to state that neither the State Comptroller or the Clerk of the Circuit Court of Volusia County, as such, is a party to this cause.

It is apparent that relators have been diligent in protecting their rights, and that being the case, they say that "the mere fact that the tax books have already opened for the collection of taxes is no defense nor excuse for the failure of respondents to perform their clear legal duty in the premises", and they cite the following from Stieff vs. Hartwell, 35 Fla. 606, 17 So. 899: "A tax assessment is not invalid because not completed during the year for which it was made. As a general rule, a provision in a statute naming the time when an act is to be done in, the assessment and collection of taxes is a direction, and not a limitation", and they also direct our attention to the following from Sec. 950, Compiled Gen. Laws of Florida, 1927: "All taxes shall be due and payable on the first day of November of each year, or as soon thereafter as the assessment roll may come into the hands of the tax collector".

In the opinion of the Court, immediately following the quoted language from Stieff vs. Hartwell, supra, appears the following: "There must be something in the statute indicating that the time named was intended as a limitation, before the courts will construe it as such." See also 46 C. J. 1037. Conceding that the language in Section 950, Compiled General Laws of Florida, 1927, showing November the first as the date for the beginning of the collection of taxes, was nothing more than a direction it does not follow that the words, "as soon thereafter as the assessment roll may come into the hands of the tax collector", as used in the statute,

were not intended as a limitation. It being admitted by the motion for a peremptory writ that one copy of the Volusia County assessment roll was in the hands of the tax collector, one copy in the hands of the Comptroller and that the original was on file with the Clerk of the Circuit Court before the alternative writ was issued, the question as to when the relation of the levying and assessing officers to the tax ceased, and the duty of the tax collector began becomes immaterial. But it is argued on behalf of relators that this court has said in McConihe vs. McMurray, 17 Fla. 238, that, ''It is no objection to awarding the writ that the time for the performance of the duty has passed, and it is only in case of default in performance'' that a mandamus can issue, and that a contrary doctrine would practically abolish the remedy by mandamus in a case like the one at bar. Under the doctrine stated in State ex rel. vs. Board of Equalizers, supra, the tax assessor and the Board of County Commissioners of Volusia County *performed the duty* imposed upon them in levying and assessing taxes for the year 1931. This certainly was the case until this court held certain provisions of House Bill No. 1306 to be in conflict with the Constitution. If they were under no duty to levy and assess the tax relators seek to have levied and assessed, they were not in default in the performance of a duty in that respect. After the decision of this court was filed on Oct. 17, 1931, in the case of State ex rel. Gillespie vs. Board of Bond Trustees of Ocean Shore Improvement District, the Board of County Commissioners could not levy a tax to be estimated by the said Board of Bond Trustees, nor the tax assessor assess it, until they were advised of such estimate, and this information was not given to them until after the said Board of County Commissioners had certified on the tax rolls that they had examined them and that they were correct, and the tax assessor had annexed his war-

rant thereto and, presumably—inasmuch as he had immediately delivered them to the proper officials to whom they should have been given. If we should assume that the Board of County Commissioners, after levying the taxes for the year 1931, in line with their duty as prescribed by provisions of a statute which were in conflict with the constitution, but had not been declared invalid by a court of competent jurisdiction, had at any time the power or authority to do over, change or add to what they had already done, we would still be confronted in this case with the proposition that the assessment rolls had passed beyond the control of the respondents when the alternative writ was issued herein. There is no statutory authority for the tax assessor or the Board of County Commissioners to recall the tax rolls or to require the State Comptroller, or tax collector to surrender them to anyone for any purpose, and there is good reason why they should remain in the possession of those officials. There must be a time for the cessation of the relation of the levying and assessing officers to the tax of each year, and there can be no better time than when the possession of the tax rolls pass to other parties. With the levy made, assessments completed, certificate of the Board of County Commissioners affixed to the tax rolls, the warrant to the tax collector issued, and the tax rolls delivered to the proper officials under the law, who are without authority to surrender them, it would not be possible for the assessment of the lands in the Ocean Shore Improvement District to be changed, and it would be impossible for the Board of County Commissioners and the tax assessor to obey the peremptory writ of mandamus, if issued, they having become *functus officio* as to the tax. Under the circumstances, the right to a peremptory writ has not been made to appear—it being the rule in this jurisdiction that the writ of mandamus will never be granted in cases when, if issued,

it would prove to be unavailing, or when compliance with it would be nugatory in its effects, or would be without beneficial results and fruitless to the relator. Davis, Atty. General ex rel. vs. Crawford, 95 Fla. 438, 116 So. 41; State ex rel. Kehoe vs. McRae, 49 Fla. 389, 38 So. 605; 6 Ann. Cas. 580; Lamb vs. Harrison, 91 Fla. 927, 108 So. 671; Pippin et al. Co. Commissioners vs. State ex rel. Town of Blountstown, 73 Fla. 363, 74 So. 653; State ex rel. Burr, et al., State Road Commissioners, vs. Tavares & G. R. Co., 78 Fla. 329, 82 So. 833; See also, 38 C. J. 774; 18 R. C. L. 289; Ann. Cas. 1912 B. 787. The conclusion that we have reached finds support in Martin vs. McDiamid (Ark.) 17 S. W. 877; Rich County vs. Bailey (Utah) 154 Pac. 773; State ex rel. vs. Archibold (Minn.) 45 N. W. 606; Gaither vs. Green (La.) 4 So. 210.

Moreover, the writ will not lie when its issuance would cause confusion and disorder. 38 C. J. 779; 26 Cyc. 287; 6 Cyc. 748; Rich County vs. Bailey (Utah), 154 Pac. 773.

Many taxpayers owning property in that part of the district that lies in Volusia County had paid their taxes prior to the issuance of the writ and doubtless many others have paid their taxes by now. The district comprises more than one-fourth in value of all of the property in the county, and to prepare new or supplementary books, much time would be consumed, to say nothing of the inconvenience to the taxpayers, and possible resultant injury to the County.

We have not been favored with a brief in support of the motion to quash the alternative writ of mandamus, filed on behalf of the Flagler County officials. The responsibility of making an estimate of the amount necessary to pay the interest upon and create a sinking fund for the payment of the principal of the bonds issued and sold, was placed on the Board of Bond Trustees, and when they have discharged their duty in that respect, the Boards of County Commissioners of Flagler and

Volusia Counties are without authority to exercise discretion as to whether or not a tax sufficient to equal the said estimate must be levied. A mandatory duty rests upon them to make the levy, unless some lawful excuse exists for not making it. An inspection of the motion reveals no such excuse. The motion to quash the alternative writ is therefore denied.

It is our conclusion that relators are not entitled to a peremptory writ as against the Board of County Commissioners, tax assessor and tax collector of Volusia County and being of that opinion it will not be necessary to go into the sufficiency of the return made to the alternative writ by the Board of County Commissioners, tax assessor and tax collector of Flagler County, for the reason that a peremptory writ of mandamus will not be granted unless the respondents may be required to do all that is required by the alternative writ. There must be a strict and full compliance with the requirements of the writ, and not merely a partial compliance therewith. State ex rel. vs. Gibbs, 13 Fla. 55; Tampa Waterworks Co. vs. State ex rel., 77 Fla. 705, 82 So. 230; State ex rel. vs. Call, 39 Fla. 165, 22 So. 266.

The motion for a peremptory writ is denied.

PER CURIAM.—The record in this case having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered and ordered by the Court that the motion for a peremptory writ be and the same is hereby denied.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.

BROWN, J., not participating.

ON REHEARING.

PER CURIAM.—By petition for rehearing relators contend that the holding of the Court in the original opinion

was too broad; that if that ruling stands it will in all probability deprive relators of ever being able to enforce their constitutional rights to a tax levy, in that hereafter the Board of Trustees can purposely refuse to make the estimate required by the statute as a condition precedent to the tax levy, so that before a tax levy can be obtained by mandamus, the time for opening the books for collection of taxes will have elapsed, thereby defeating the writ under the principles stated in the original opinion.

In this case no such default appeared. The principles stated in the original opinion are particularly applicable only to that kind of a case, and the opinion, as in any case decided here, should be limited to the character of case that was before the Court. Smitz v. Wright, 64 Fla. 485, 60 Sou. Rep. 225.

The rule is well settled that officers required to perform a duty for the benefit of holders of public securities can not by their own neglects and defaults defeat the granting of relief when seasonably applied for, and to that rule we still adhere. Board of Comm'rs of La-Fayette County v. Hadley, 63 Fla. 90, 59 Sou. Rep. 14; State ex rel. Berkemeyer v. Gaines, Assessor, 100 Fla. 1372, 131 Sou. Rep. 115.

Rehearing denied.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND DAVIS, J.J., concur.