STATE, *ex rel.* HOLLYWOOD JOCKEY CLUB, INC., v. JOSEPH R. STEIN, PARK GLOVER, FRANK ROGERS, S. J. HILBRUN, and E. A. WILLIAMS, as and constituting the STATE RACING COMMISSION, and the said PARKS GLOVER, as Secretary of the said STATE RACING COMMISSION, and THE STATE RACING COMMISSION.

183 So. 753.

Division A.

Opinion Filed October 12, 1938.

Rehearing Denied October 31, 1938.

*J. Julian Southerland* and *Loftin, Stokes & Calkins,* for Relator;

*George Couper Gibbs,* Attorney General, and *W. P. Allen,* Assistant Attorney General, and *H. P. Baya,* for Respondents.

TERRELL, J.—On June 27 and July 12, 1938, Hollywood Jockey Club, Inc., applied to Florida State Racing Commission for a license to conduct a racing meet and to fix dates therefor during the statutory racing season, December 10, 1938, to April 10, 1939. A similar permit had been applied for and granted in June, 1937. August 12, 1938, Florida State Racing Commission revoked said permit on the ground that the permittee had not constructed a track suitable to conduct racing within the twelve months beginning August 3, 1937, this being the statutory life of the permit.

On petition of Hollywood Jockey Club, Inc., as relator, this Court issued its alternative writ of mandamus directed to Florida State Racing Commission commanding it to rescind its revocation of Relator's permit and to issue it the license and to fix dates within which it might conduct racing for the season of 1938-1939 in compliance with its request or show cause why it refused to do so. Respondents have filed their return to the alternative writ to which Relator has demurred and moved to strike specified portions thereof.

The demurrer and the motion to strike raise the single question of the sufficiency of the return to the alternative writ.

The writ discloses that on June 24, 1937, the State Racing Commission issued its permit to Relator to conduct racing in Broward County and that said permit was ratified by the electors of said County August 3, 1937. In September,

1937, Relator applied to Respondent for license and for dates to conduct racing for the 1937-1938 racing season. This application was denied on the sole ground that Respondent had not constructed a suitable racing plant. The application made August 12, 1938, and involved in this litigation was denied for similar reasons.

Section Seven of Chapter 17276, Acts of 1935, prescribes the conditions under which application for permits to conduct racing shall be made and the application involved here is shown to meet the requirements of the law. It is not charged that Relator is not able to give the required bond or has failed in any other respect to comply with the racing law. It is merely alleged that it failed to construct a track suitable to conduct a race meeting within twelve months after the ratification of its permit August 3, 1937.

It is quite true that Section Six of Chapter 17276, Acts of 1935, authorizes the Respondents to revoke any permit without notice if the holder fails to construct its track within twelve months from the ratification thereof by the people. Relator's permit was ratified August 3, 1937, and on September 3, following, it applied for license and racing dates but was denied this request on the ground that its track was not constructed, though such construction was well under way.

On account of this action of Respondent, Relator was forced into litigation to establish its rights which consumed three months during which time work was suspended on the track and its plans thrown into confusion. It is contended that in computing the time allowed under the statute for completing its track, these three months should not be counted against it.

In our view, this contention is well grounded. The pleadings show that on August 4, 1938, when the permit was cancelled, Relator had expended large sums in the construc-

tion of its track, that it was approaching completion, and that Relator had until November 3, 1938, before the twelve months from ratification expired. Respondents being responsible for the delay, it should not be counted against the Relator. Board of County Commissioners of Lafayette County v. Hadley, 63 Fla. 90, 59 So. 14; People, *ex rel.* Arnd, v. Heckard, *et al.,* 341 Ill. 144, 173 N. E. 124; 58 C. J. 1112, Section 403; 37 C. J. 1039; Section 447.

The demurrer and motion to strike are accordingly sustained.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.