## Nemtol Apartments, Inc., v. City of Philadelphia

*Witkin & Egan*, for plaintiff.

*J. L. Stern* and *A. L. Freedman*, for defendant.

FLOOD, J., December 10, 1952.—This is a petition for a declaratory judgment in which plaintiff seeks a ruling that a period of limitations has been tolled. Plaintiff owns a 38-unit apartment house built in 1925

on Wynnefield Avenue between Fifty-second and Fifty-third Streets, an area designated by the Zoning Ordinance of August 10, 1933, as A residential. This building, which was accordingly a nonconforming use, was almost completely destroyed by fire on April 1, 1950. Plaintiff has a right to rebuild, under section 4(5) of the above ordinance, if construction is commenced within three years of the date of the fire and carried on to completion without interruption. On September 21, 1951, when almost half of the three-year period had run, the city council changed the classification of the neighborhood from A to E residential. On October 4, 1951, plaintiff obtained a permit under the 1951 ordinance to erect a 100-unit apartment building. A bill in equity to restrain the erection of this building upon the ground that the 1951 ordinance was unconstitutional was served on plaintiff and the city on November 9, 1951. This bill is still pending as of C. P. No. 1, September term, 1951, no. 4332. The city council, by ordinance of July 16, 1952, reversed the classification of plaintiff's property from E residential to A residential. On that day, plaintiff filed the present petition for a declaratory judgment that the three-year period of limitation on rebuilding a nonconforming use has been tolled.

Plaintiff's claim is in the alternative: (1) That the three-year period was tolled forever by the passage of the ordinance changing the area designation to one under which it could have built the enlarged building, or (2) that the bill in equity tolls the period during the pendency of that action. Its reasoning is that it was affirmatively misled by the ordinance of September 21, 1951, into believing there would be no time limitation on building or rebuilding as it desired, and that the filing of this bill was tantamount to all practical purposes to an injunction by the courts. Plaintiff adds that the city's defense of the constitutionality of

the 1951 ordinance in the equity suit, when the city was joined as defendant, gave plaintiff further assurance of its right to rely upon the ordinance.

We think that plaintiff has overstated its position and a more precise study of its situation is in order. After the fire, plaintiff had the right to commence rebuilding a 38-apartment structure within three years, with a possible 25 percent increase. See section 4(6) of the 1933 ordinance, supra. The reclassification of the area as E residential gave it larger rights which it planned to exercise by erecting a 100-unit structure. We agree with plaintiff that the exercise of these expanded rights was for all practical purposes inhibited by the filing of the equity suit to test the validity of those rights. But that suit did not affect plaintiff's legal right to rebuild the 38-unit house. Nor did the reclassification of the area as A residential affect it. Plaintiff has had that right since the time of the fire and still has it, as a legal proposition. The heart of the matter here is that plaintiff does not want to exercise that right as long as it has the chance of building a larger apartment—nor does it want to give it up in the event that its larger potentialities might vanish. In short, plaintiff seeks a cushion against an unfavorable decision in the equity suit.

So stated, the case has the ingredients of a broad issue which is most unusual: whether a period of limitations on a given right should be tolled pending a suit to test the validity of an expansion of that right. We might assume that ordinarily we would find ourselves disposed to give an affirmative answer in order to diminish as much as possible the hazards involved in litigation. Parties should not unnecessarily have to stake their present definite rights to discover whether purported expansions of them are valid. But the force of such reasoning is counteracted here by specific policies peculiar to this situation.

We need not detail the familiar purposes and policies of zoning regulations which are designed in the over-all plan eventually to eliminate nonconforming uses. The owner of land devoted to such a use is as a result in a particularly unfavorable position to ask for more than what the regulations give him as a matter of grace or constitutional compulsion. In this instance the regulations granted plaintiff an unusual benefit permitting a three-year period to rebuild. Typically zoning statutes prohibit replacement of nonconforming uses after complete destruction, or even destruction beyond a given percentage. This limitation to rebuilding of conforming uses has been held constitutional: 8 McQuillin, Law of Municipal Corporations, sec. 25.201. The historical antecedents of these provisions were similar prohibitions in the "fire limit" ordinances of the nineteenth century. See 35 Mich. L. Rev. 642, 646 (1937). The regulations are more liberal than many others, therefore, in allowing plaintiff any period to rebuild after substantially complete destruction. We think that to add a time increment to the one provided would be incompatible with the spirit of the zoning laws.

The core of plaintiff's complaint is that its expectations may be defeated. But in the general context of zoning law this is not adequate basis for relief. We take it that the public interest in comprehensive zoning overrides the interest of the property owner when it clashes with his prospective plans. This principle underlies the repeated holding that a lawfully granted permit can be revoked by a subsequent ordinance (Clarke's Appeal, 37 D. & C. 670, 677-679 (C. P., Lycoming, 1939) and cases cited) unless substantial action has been taken and obligations incurred: Herskovits et ux. v. Irwin et al., 299 Pa. 155 (1930); Ventresca v. Exley, 358 Pa. 98, 103 (1948). Hence, we feel we should require detrimental reliance of a

tangible and substantial nature, as opposed to the mere defeat of expectations, as the prerequisite of relief in this situation. Plaintiff's case does not meet that test.

The case cited by plaintiff which is most favorable to its contention is State ex rel. Hollywood Jockey Club, Inc., v. Stein et al., 134 Fla. 241, 183 So. 753 (1938). There a 12-month limitation on a permit to construct a race track was extended by the court because litigation by the State Racing Commission delayed the work. The case is distinguishable on the ground that plaintiff was obstructed by the direct action of public authorities against the specific right that plaintiff wished to exercise. Such is not the case here. Here there is no restriction on rebuilding the burned building.

We are not asked to declare the effect of the ordinance of 1951. Whether or not this gives plaintiff new rights, it has no effect on his existing right to rebuild within three years. Similarly its repeal, whether effective or ineffective to terminate any new right given, cannot extend the term for the exercise of his old right. This repeal, many months before the expiration of the three-year period, has not been shown to prejudice in any way plaintiff's preëxisting right to rebuild.

While we declare that the limitation of the period for rebuilding has not been extended by the equity suit, we do so only upon the facts before us. Actual prejudice might make a difference, but none has been shown here of such character as would compel a court to say that the enforcement of the limitation would be so unfair that it should be prevented in spite of the language and the policy of the ordinance.

### Decree Nisi

And now, December 10, 1952, it is adjudged, declared and decreed that the three-year limitation of

section 4(5) of the Ordinance of August 10, 1933, upon Nemtol Apartments, Inc., is not tolled by the existence and prosecution of the bill in equity as of September term, 1951, no. 4232, in the Court of Common Pleas No. 1 of Philadelphia County.