KING, JAMES LAWRENCE, Associate Judge.
The taxpayer corporation initially filed a complaint against the taxing officials of Palm Beach County and the Comptroller of the State of Florida alleging that, after it had timely filed its 1964 tangible personal property tax return declaring the market value of its personalty to be $40,-500.00, it was notified by the assessor that the return was unacceptable, and that the assessor would also be levying back assessments, with penalties, against the taxpayer and its personalty for 1961, 1962 and 1963. The complaint alleged that the taxpayer had previously paid its 1961, 1962 and 1963 taxes in full based on the assessments placed on its personalty by the assessor in those years. The complaint further alleged that the taxpayer subsequently received a 1964 personal property tax bill reflecting a taxable value of $120,000, as well as three other bills reflecting back assessments for 1961, 1962 and 1963.
The circuit court dismissed the complaint, with leave to amend, for failure to allege compliance both with the procedural steps set forth in Section 200.10, Florida Statutes, F.S.A., and Section 8, Article IX, of the Florida Constitution of 1885, F.S.A. The taxpayer thereupon paid the amount of tax it deemed due for 1964 into the registry of the court, and amended its complaint by alleging both that it had exhausted it administrative remedies and that it had tendered such payment to the court. The circuit court again dismissed the amended complaint stating that the taxpayer’s remedy should have been by petition for writ of certiorari under Section 200.10, Florida Statutes, F.S.A., after first pursuing the administrative steps to obtain relief set forth in that statute. The taxpayer thereafter sought to amend its complaint for the second time by changing it to a petition for writ of certiorari. When the circuit court denied this motion to amend, the taxpayer took this appeal.
There are two principal issues in the appeal. The first involves the power of the assessor to back assess tangible personal property previously returned for taxation by the taxpayer and assessed by the assessor when the assessor thereafter discovers information that leads him to believe that his assessment was erroneously low. The second involves the question of whether the certiorari proceeding made available to an aggrieved personal property taxpayer by Section 200.10, F.S.1967, F.S. A., is the exclusive judicial avenue for the redress of his alleged grievance.
*754 Insofar as the first issue is concerned, it is our holding that the assessor is neither authorized nor empowered to use F.S. Section 200.16, F.S.A., which permits back assessments to be levied on “such property as may have escaped taxation” in any of the three prior years, to modify and increase his earlier opinions of value. In the court’s view, this statute is one that authorized the assessor to levy a back assessment on the tangible personal property of a taxpayer which wholly escaped taxation for one reason or another in a prior year. Were we to authorize the assessor to use the back assessment statute as a means of increasing an earlier opinion of value, we would in effect be allowing all tax assessments to remain open and subject to increase by the assessor for at least three years after the year in which the assessment was made. This runs counter to the legislative intent manifest in Chapter 193, Florida Statutes. Section 193.25, Florida Statutes, F.S.A., requires the assessor to complete his county assessment rolls on or before the first Monday in July and to place these rolls before the Board of County Commissioners sitting as a Board of Equalization, for review. When the assessor completes his rolls, his power to change or modify assessments terminates and such power then passes to the Board of Equalization which may raise or lower values in the manner prescribed by Section 193.27, F.S. 1967, F.S.A. After the equalization process is completed and the tax rolls certified by the Board of County Commissioners, the “county commissioners shall not have power to change any assessment after endorsement of the said assessment roll as aforesaid,” according to Section 193.29(5), F.S. 1967, F.S.A. The procedures laid down in the aforesaid statutory sections envisage finality in assessments, with the assessor barred from modifying assessments after placing his tax rolls before the Board of County Commissioners, and the Board of County Commissioners barred from modifying assessments after the certification and endorsement of the rolls. The interpretation of the back assessment statute urged by the tax assessor appears to us to conflict with the policy and intent of the legislature which requires finality in assessments at the administrative level upon the certification and endorsement of the rolls by the Board of County Commissioners. The view expressed herein is wholly in accord with the earlier opinions of this court in Okeelanta Sugar Refinery, Inc. v. Maxwell, Fla.App.1966, 183 So.2d 567, and C. D. Utility Corporation v. Maxwell, Fla.App. 1966, 189 So.2d 643, and with the decisions of the Supreme Court of Florida in Florida National Bank of Jacksonville v. Simpson, Fla.1952, 59 So.2d 751, 33 A.L.R.2d 581, and State ex rel. Gillespie v. Thursby, 1932, 104 Fla. 103, 139 So. 372, 140 So. 775.
In the light of the foregoing this court holds that the circuit court erred when it dismissed that portion of the taxpayer’s complaint which challenged the assessor’s right to back assess the plaintiff’s personal property for 1961, 1962 and 1963. We would also add, for the sake of clarity, that nothing stated in this opinion has applicability to those situations in which the assessor attempts to correct clerical errors or errors of omission or commission, pursuant to Sections 200.24 and 192.21, F.S. 1967, F.S.A. Such errors are of a different nature than the errors in judgment the assessor attempted to correct in this case. A comprehensive discussion of the differences between these types of errors is to be found in Attorney General’s Opinion No. 061-92 of June 2, 1961, 61-62 AGO 149.
The second issue involved in this appeal relates to the 1964 assessment and to the circuit court’s holding that the aggrieved personal property taxpayer was restricted to a petition for writ of certio-rari as prescribed in F.S. Section 200.10, F.S.A., as the sole method of judicial relief from an alleged excessive personal property assessment. We believe that the *755 certiorari proceeding made available by F.S. Section 200.10, F.S.A., was intended as an alternative method of judicial review. This question was recently considered in depth by the District Court of Appeal, Third District of Florida, in an appeal styled Dade County v. McArthur Jersey Farm Dairy, Inc., Fla.App.1968, 214 So. 2d 362. In deciding whether the aggrieved personal property taxpayer had only the remedy of certiorari under Section 200.10, or a choice between such certiorari proceeding and an equity type proceeding under Section 196.01, the Court stated:
“[U]pon reading these two statutes we are inclined to the view that the legal remedy granted by § 200.10 to seek review by certiorari in such circumstances is not exclusive, and does not prohibit such a tangible personal property taxpayer claiming over valuation from seeking relief by an equity type proceeding under § 196.01, if the taxpayer should elect to use the latter remedy rather than the former; but we hold, as held in our opinion of July 9, 1968, that where, as in this case, the taxpayer invokes the legal remedy of certiorari granted by § 200.10 Fla.Stat., F.S.A., for relief against claimed over valuation of tangible personal property assessed for ad valorem taxation, he thereby is precluded from seeking such relief simultaneously or thereafter in an equity type proceeding under § 196.01 Fla.Stat., F.S.A.”
We hold, as did the Third District Court of Appeal, that the aggrieved personal property taxpayer may pursue either the traditional equitable remedy or the legal remedy of certiorari, but not both. Accordingly we must again conclude that the circuit court erred in dismissing the complaint which sought equitable relief pursuant to F.S. Section 196.01, F.S.A.
We therefore reverse the judgment of the circuit court and remand the cause to the court (a) with instructions to cancel as void the back assessments imposed for 1961, 1962 and 1963, and (b) for trial on all issues relative to the 1964 assessment, including all procedural and technical defenses raised by the taxing officials in their pleadings with respect to that year.
Reversed and remanded.
McCAIN and REED, JJ., concur.