Mr. Larry Levy General Counsel Department of Revenue Carlton Building Tallahassee, Florida 32301
Dear Mr. Levy:
This is in response to your request for an Attorney General's Opinion on substantially the following questions:
 1. MAY A BOARD OF COUNTY COMMISSIONERS, PURSUANT TO s 196.1995, F.S., GRANT AN ECONOMIC AD VALOREM TAX EXEMPTION FOR AN EXPANSION PROJECT WHEN THE TANGIBLE OR REAL PROPERTY WAS IN PLACE AND IN USE PRIOR TO THE ENACTMENT OF AN EXEMPTING ORDINANCE?
 2. MAY A BOARD OF COUNTY COMMISSIONERS GRANT AN ECONOMIC AD VALOREM TAX EXEMPTION FOR AN EXPANSION PROJECT WHEN NEW JOBS WERE CREATED AND FILLED PRIOR TO THE ENACTMENT OF THE EXEMPTING ORDINANCE?
Your questions are interrelated and will be answered together. From information submitted with your request it appears that the Board of County Commissioners of Escambia County adopted ordinance number 82-14 on September 28, 1982, providing for economic development ad valorem tax exemptions. A soft drink manufacturer in Escambia County applied on November 1, 1983, for an economic development ad valorem tax exemption on a portion of the company's facilities which the company asserts represents an expansion of an existing business. According to letters from the soft drink company it appears that certain equipment was installed and real property purchased and placed on the tax rolls during the period from October 30, 1980, through October 13, 1983. Some of the equipment which was installed replaced that existing in the plant and other equipment and property was new as part of the company's expansion effort. The manufacturer asserts that it established 23 new full-time jobs during the expansion period.
Both your first and second questions go to the issue of an economic development ad valorem tax exemption for the "expansion of an existing business" (defined in s 196.012[15], F.S.) as opposed to an exemption for a "new business" (defined in s196.012[14], F.S.). The "expansion of an existing business" pursuant to s 196.012(15), F.S., means:
 (a) A business establishing 10 or more jobs to employ 10 or more full-time employees in this state, which manufactures, processes, compounds, fabricates, or produces for sale items of tangible personal property at a fixed location and which comprises an industrial or manufacturing plant; or
 (b) A business establishing 25 or more jobs to employ 25 or more full-time employees in this state, the sales factor of which, as defined by s. 214.71(3), for the facility with respect to which it requests an economic development ad valorem tax exemption is less than 0.50 for each year the exemption is claimed; provided that such business increases operations on a site colocated with a commercial or industrial operation owned by the same business, resulting in a net increase in employment of not less than 10 percent or an increase in productive output of not less than 10 percent.
See also, s 4.2, Art. V, Escambia County Ordinance Number 82-14, which defines "expansion of existing business" in substantially similar terms.
Section 196.1995, F.S., implements the constitutional authority in s 3, Art. VII, State Const., for counties to grant economic development ad valorem tax exemptions in certain circumstances. Pursuant to this section the board of county commissioners shall call a referendum within its total jurisdiction to determine whether it may grant economic development ad valorem tax exemptions if the board votes to hold such a referendum or if the board receives a petition signed by ten percent of the registered electors of its jurisdiction calling for such a referendum. Section 196.1995(1)(a)-(b), F.S. See, s 196.1995(2), F.S., describing the form of a ballot question in such referendum. Subsection (4), provides in pertinent part that
 Upon a majority vote in favor of such authority, the board of county commissioners or the governing authority of any municipality, at its discretion, by ordinance may exempt from ad valorem taxation . . . 100 percent of the assessed value of all added improvements to real property made to facilitate the expansion of an existing business and of the net increase in all tangible personal property acquired to facilitate such expansion of an existing business. Property acquired to replace existing property shall not be considered to facilitate a business expansion. The exemption shall apply only to taxes levied by the respective unit of government granting the exemption. . . . Any such exemption shall remain in effect for up to 10 years with respect to any particular facility, regardless of any change in the authority of the county or municipality to grant such exemptions. . . .
Pursuant to this authority the Board of County Commissioners of Escambia County adopted county ordinance number 82-14, the "Economic Development Ad Valorem Tax Regulations of Escambia County, Florida."
Any person, firm or corporation which desires an economic development ad valorem tax exemption is required, in the year the exemption is desired to take effect, to file a written application with the board of county commissioners. The application (which is on a form prescribed by the Department of Revenue) shall request the adoption of an ordinance granting an exemption pursuant to s196.1995, F.S., and shall include certain specified information, including: "(d) Proof, to the satisfaction of the board of county commissioners . . . that the applicant is . . . an expansion of an existing business, as defined in s 196.012 . . . (15)." Section196.1995(6), F.S. Prior to taking action on the application, the board of county commissioners shall deliver a copy of the application to the property appraiser of the county. The property appraiser shall report certain information to the board of county commissioners including "[a] determination as to whether the property for which an exemption is requested is to be incorporated into a new business or the expansion of an existing business, as defined in s. 196.012(14) or (15), or into neither . . . ." Section196.1995(7)(d), F.S.
I must qualify my response herein by pointing out that this office cannot make factual findings and determinations or resolve mixed questions of fact and law for either the property appraiser or the Department of Revenue. Initially, as set out above in s196.1995(7)(d), F.S., it is the responsibility of the property appraiser to make a factual determination of whether any or all of such property was actually acquired to facilitate the expansion of an existing business. Further, as stated in s 196.1995(4), F.S., "[p]roperty acquired to replace existing property shall not be considered to facilitate a business expansion."
As s 196.1995(6), F.S., set out supra, states, any person, firm or corporation may apply for the exemption so long as the application is made within the year the exemption is desired to take effect. While the language of this subsection indicates that the entity involved must be on-going when the application is made, there is no provision of the statute which denies the tax exemption based upon whether the tangible or real property under consideration was in place and in use prior to a particular date or the jobs established by the expansion project were created and filled before enactment of the exempting ordinance. Cf., AGO 81-46. On the contrary, provisions of s 196.1995, F.S., appear to contemplate the inclusion of property which has been purchased in the past within an application for an economic development ad valorem tax exemption. See, s 196.1995(6), F.S., which prescribes the information to be included in the application for such an exemption, particularly subparagraph (c) stating that "[a] description of the tangible personal property for which an exemption is requested and the dates when such property was or is to be purchased" (e.s.) is to be included. And see, subparagraph (b) of s 196.1995(6), F.S., requiring the inclusion of "[a] description of the improvements to real property for which an exemption is requested and the date of commencement of construction of such improvements" without apparent qualification or restriction as to the date of commencement of construction.
As this office concluded in AGO 81-46, s 196.1995, F.S., leaves the granting of economic development ad valorem tax exemptions to the discretion of the board of county commissioners: s196.1995(4), F.S., provides that the board may grant such exemptions by ordinance at its discretion; subsection (6)(d) requires that the application for exemption must include proof to the satisfaction of the board of county commissioners that it fits within the statutory definition of an "expansion of an existing business" pursuant to s 196.012(15), F.S.; and subsection (8)(d) requires the inclusion within any ordinance granting such an exemption of a finding that the business meets the requirements of s 196.012(15), F.S.
However, in the instant factual situation additional consideration must be given to a provision of the Escambia County ordinance establishing a county economic development ad valorem tax exemption which limits somewhat the application of the exemption. It is specifically stated in Art. VI, Escambia County Ordinance Number 82-14 that:
 The exemption granted under this ordinance shall not accrue to improvements to real property made by or for the use of new or expanding businesses when such improvements have been included on the tax rolls prior to the referendum authorizing this ordinance.
Information submitted by the office of the county property appraiser with this opinion request states that "[i]t appears from the application and other information provided by (the soft drink manufacturer) that much of the equipment and possibly the real property, for which the exemption is applied, was purchased and placed on the tax rolls prior to passage of the exemption ordinance." With regard to the validity of the local ordinance it is the rule that a legislative enactment is presumptively valid and must be obeyed and given effect unless and until it is judicially determined invalid. See, Evans v. Hillsborough County,186 So. 193, 196 (Fla. 1938); White v. Crandon, 156 So. 303, 305
(Fla. 1934); State ex rel. Gillespie v. Thursby, 139 So. 372, 375
(Fla. 1932); and State ex rel. Atlantic Coast Line R. Co., v. State Board of Equalizers, 94 So. 681, 682 (Fla. 1922). Therefore, to the extent the local ordinance qualifies or restricts the granting of such a tax exemption with respect to improvements to real property which were included on the tax rolls prior to the referendum authorizing the ordinance, this factor should enter into the consideration of the property appraiser (as set out in s196.1995[7][d], F.S.) in determining whether the property for which an exemption is requested is to be incorporated into the expansion of an existing business as defined in s 196.012(15), F.S.
In sum, it is my opinion until legislatively or judicially determined otherwise, that the language of s 196.1995, F.S., does not limit the granting of an economic ad valorem tax exemption to a project determined by the board of county commissioners, in their discretion, to constitute an "expansion of an existing business" with regard to when the real or tangible property involved was in place or in use or when the jobs involved were established. Therefore, the board of county commissioners may, in their discretion, and as qualified by provisions of the local legislation on this issue grant an economic development ad valorem tax exemption to a project determined by the board to constitute an "expansion of an existing business" as defined in s196.012(15), F.S., when the tangible or real property was in place and in use prior to the enactment of the local exempting ordinance and, likewise, when the new jobs which were established and filled predated enactment of the ordinance.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General