STATE, *ex rel.* O. C. PARKER, JR., v. J. M. LEE, Comptroller.

151 So. 491.
Division A.
Opinion Filed November 28, 1933.

*E. Dixie Beggs, Jr., J. C. Adkins, John H. Carter, Jr., Jas. R. Kelly* and *J. W. Harrell,* for Relator;

*Cary D. Landis,* Attorney General, and *H. E. Carter, Robert J. Pleus* and *J. V. Keen,* Assistants, for Respondents.

TERRELL, J.—Alternative writ of mandamus was issued in this cause directed to J. M. Lee as Comptroller of the State of Florida, commanding him to draw warrant in favor of O. C. Parker, Jr., in the sum of fifteen dollars and forty cents ($15.40) to reimburse him (Parker) for expenses incurred in transacting his duties as State Attorney of the Second Judicial Circuit, or to show cause why he refuses to do so.

A motion to quash and a return to the alternative writ was duly entered. The latter admits the material allegations thereof but both the motion to quash and the return interpose the defense that the writ shows no duty on the part of the respondent to draw the warrant described therein and that there is no legal authority to pay expenses incurred by State Attorneys in the transaction of the duties of their offices.

In fine, the return and motion to quash raise this question: May a State Attorney be reimbursed for his subsistence, five cents per mile for the use of his automobile, and the cost of telephone messages actually incurred in the performance of official duties within his judicial circuit but outside the county of his residence?

It is admitted that the relator is the duly constituted and acting State Attorney for the Second Judicial Circuit of

Florida and that the said circuit is composed of six counties, to-wit: Leon, Jefferson, Gadsden, Liberty, Franklin, and Waukula, that the relator resides in Leon County, and that the expenses sought to be paid were incurred for meals and lodging while attending the fall term of the Circuit Court in Franklin County, five cents per mile for one hundred fifty miles actually traveled in his automobile going to and returning from said county to hold said term of court, and five cents per mile for fifty-two miles actually traveled in his automobile going to and returning from Quincy in Gadsden County to attend preliminary hearing in State v. Alton Jones, charged with first degree murder, including thirty cents for long-distance telephone message incurred in connection with said preliminary hearing.

The general appropriation bill, Chapter 15858, Laws of Florida, Acts of 1933, among other provisions allocated to the Judicial Department of the State government for "Necessary and regular expenses, $200,000.00." The solution of the question brought here for consideration turns on the interpretation of the words, "Necessary and regular expenses," as thus used, the Legislature expressing no intent as to their scope.

The respondent contends that the words "Necessary and regular expenses" do not contemplate payment of such items of expense as those described herein because the general appropriation bill of 1933 carries no specific authorization therefor, that a study of analysis of the general appropriation bills from 1899 to the present discloses that they authorized the payment of only such bills as were specifically authorized and that, when authorized in terms, Chapter 16184, Acts of 1933, Laws of Florida, is a limitation on the amount that may be incurred by any State officer or

employee for his expenses incurred in the discharge of his official duties.

In Liggett Co., *et al.,* v. Amos, 104 Fla. 609, 141 So. 153, we held that in order to determine the scope of a legislative Act resort may be had to the history of the legislation, the contemporary conditions, political, industrial, and social, of the community at whose behest the statute was promulgated, and that it may be compared with cognate laws to determine its meaning and effect.

Historically we find that prior to 1917 no provision was made for the payment of the expenses of State Attorneys incurred when transacting official business within or outside the county of their residence, but from 1917 to 1931 both inclusive, specific appropriations were made for their expenses when transacting official business in different counties of their own or other circuits or both. It is a fact that all the administrative and some other departments of the State government have for years gotten flat appropriations for incidental and other expenses from which they are authorized to pay for maintenance and traveling expenses incurred when traveling on business pertaining to the department. In fact the general trend of legislative policy has been to provide ample means to pay the expenses of State officers and employees when traveling away from home on official business. In view of this general legislative policy we think the reasonable interpretation of the words, "Necessary and regular expenses," as employed in the general appropriation bill for 1933 would be to hold that the necessary expenses of a State Attorney incurred in transacting official business within his circuit but outside the county of his residence may be and are properly paid from the $200,000.00 appropriated to the Judicial Department. The expenses brought in question are within this class. This interpreta-

tion is in keeping with the policy long persisted in by the Legislature generally and we find no purpose whatever in the instant act to depart from it.

This holding in no respect conflicts with Chapter 16184, Acts of 1933, which in effect limits the subsistence of State officers and employees to four and one-half dollars per day and five cents per mile for the use of their own car when traveling within the State on official duties. It has no application to expenses incurred traveling outside the State.

The account brought in question is well within the allowance provided by Chapter 16184, Acts of 1933, and the duties performed for which the charge is claimed were well within those imposed by law on the State Attorney. Sections 3005 to 3011, Revised General Statutes of 1920, being Sections 4739 to 4747, Compiled General Laws of 1927, both inclusive. The test of whether or not the expense bill of a State Attorney may be paid as herein decided is whether or not it was incurred in the performance of duties imposed by these or similar statutes.

We therefore conclude that any expense incurred by State Attorneys in the performance of the duties imposed on them by law, outside the county of their residence, may be paid under Chapter 15858, Acts of 1933, so long as such expenses are within the terms of Chapter 16184, Acts of 1933.

It follows that the motion to quash the alternative writ must be and is hereby denied and the peremptory writ is awarded.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.