QUESTION: May the "official headquaters" of a judge of a district court of appeal be designated as a city other than the headquarters city of the court for the purpose of collecting travel expenses under s. 112.061, F.S.?
SUMMARY: The "official headquarters" of a district court of appeal is that designated by law, s. 35.05, F.S.; and neither the chief judge of the appellate district, nor an individual judge, may designate the city or residence of a particular judge as his individual official headquarters for the purpose of reimbursement of travel expense under s. 112.061, F.S. A district court of appeal judge is entitled to per diem and travel expense when traveling outside the official headquarters city on official business. Mileage is computed on the basis of the distance from the headquarters city to the city in which judicial duties are to be performed, unless actual distance is shorter. Section 112.061, F.S., has been uniformly interpreted by this office as authorizing reimbursement for travel expense only from the official headquarters of the public officer or employee; and, as defined in subsection 112.061(4), the official headquarters "of an officer or employee assigned to an office shall be the city or town in which the office is located . . . ." (The provisions of paragraphs (4)(a), (b), and (c), relating to public officers or employees "located in the field" or "stationed" in another city or town, are not applicable here for obvious reasons.) The official headquarters of each district court of appeal is designated by statute, s. 35.05, F.S., and that is where the majority of the work of the court is performed. The court is authorized to hold special terms "at such times and places as may be deemed necessary for the public interest" and must hold at least one special term every year "in each judicial circuit wherein there is ready business to be transacted." (Emphasis supplied.) And, of course, a judge may be reimbursed for his mileage in traveling to and from such a judicial circuit to carry out his judicial duties in accordance with the formula prescribed by s. 112.061(7)(d)2., F. S., as administratively interpreted. (As noted in AGO 072-20, the mileage is to be computed on the basis of the distance from the headquarters city to the city of destination, without regard to the point within the city from which the official begins his trip, unless it is closer. Accord: Attorney General Opinion 064-21, ruling that, when a judge traveled from his home instead of from the court headquarters to another city to perform his judicial duties, "he should be compensated for the shorter distance, whether from his home or from his headquarters.") However, in light of the express terms of the uniform travel-expense law, s.112.061, supra, and s. 35.05, supra, it cannot reasonably be concluded that any city within the entire appellate district may be selected — either by the district court of appeal judge himself or by the chief judge of the district — as the "official headquarters" of a particular judge, because of the mere possibility that a special term of court may be held there in some future year. Except for s. 112.061(6)(b), F.S., (increasing from twenty dollars to twenty-five dollars the per diem of district court of appeal judges, among others), there are no special provisions or exceptions in the uniform travel expense law relating to district court of appeal judges. And it is generally held that "unless the legislature has expressly and explicitly included in expenses to be allowed public officers, the cost of travel from their homes to the places where their regular duties are to be performed, such expenses are not a legitimate public charge." [See] 67 C.J.S. Officers s. 91, p. 330. Accord: Attorney General Opinions 064-21 and 072-248. Insofar as it may have been held to the contrary in an unnumbered letter opinion by my predecessor in office, dated June 22, 1966, that opinion is hereby overruled. The opinion of the Florida Supreme Court in State v. Lee, 151 So. 491 (Fla. 1933), relied upon by my predecessor, does not require a different conclusion. That decision was rendered prior to the adoption of a uniform travel expense law at a time when the general law merely prohibited travel allowances for mileage and subsistence in excess of stated amounts (Four dollars and fifty cents per day and five cents per mile). In holding that travel by a state attorney from his home county to another county in his judicial circuit for a term of court was reimbursable as a "necessary and regular expense" of the office, the court noted that the trend of "legislative policy" had been to provide funds to pay the expenses of state officers and employees "when traveling away from home on official business." And, in context, the court could not have intended to rule that they were entitled to the expense of traveling from their homes to their official headquarters, contrary to the universal rule referred to above. In any event, the Lee case is now of academic interest only, as the rights of officers and employees to reimbursement for travel expense must, of course, be controlled by the provisions of the statute and valid rules and regulations properly adopted thereunder. I have not overlooked the opinion of one of my predecessors in office in AGO 064-21, ruling that in counties, such as Volusia and Pinellas, in which additional auxiliary circuit court chambers have been established by law in a city other than the county seat, a circuit court judge who maintains his offices and resides in that city may claim per diem and travel expense to and from the county seat when traveling there on official business, as the city in which he resides "seems to be the official headquarters of such circuit judge, within the contemplation of s. 112.061, F.S." It has also been ruled that a state attorney who represents a multi-county judicial circuit should designate his headquarters city within such circuit for the purpose of computing per diem and travel expense under s. 112.061, F.S. Attorney General Opinion 072-248. (And see s. 27.271, F.S., as amended by Ch. 73-215, Laws of Florida, specifically providing for mileage that may be paid to a state attorney or assistant state attorney.) But these opinions are not decisive here, insofar as the designation of the headquarters of a district court of appeal judge is concerned. Each county in a judicial circuit has its own circuit court and a regularly scheduled term of court that must be attended by a circuit judge and the state attorney (or an assistant state attorney). No one city in a judicial circuit may be designated as the official headquarters of the circuit; and, ordinarily, the county seat in each county is the official headquarters of that particular circuit court. In contrast, the district court of appeal is a single court operating principally in a single location, with a single city or county having been designated as its official headquarters by law. Thus, the situation is entirely different from that involved in the opinions referred to above. Your other questions relating to travel outside the city which is the official headquarters of a particular district court of appeal have been answered in two of the opinions referred to above. Travel expenses from the official headquarters city to another city, either within or without the county or the appellate district, to perform judicial duties, when properly approved in accordance with the provisions of s. 112.061(3)(a), F. S., as amended by Ch. 73-169, Laws of Florida, are reimbursable. Mileage should be computed on the basis of the shorter distance and time, whether that actually involved (i.e., from his home), or the constructive distance and time (i.e., as if it had in fact been from the court headquarters or travel headquarters). Attorney General Opinions 064-21 and 072-20. Cf. AGO 072-386.