George T. Dunlap III City Attorney Bartow
QUESTION:
Does s. 27.34(1), F. S., prohibit the expenditure of municipal funds for the purchase of `complaint affidavits' which have been prepared in accordance with a form therefor prescribed by the state attorney and ordered into use by the chief judge of the judicial circuit?
SUMMARY:
The purchase or other provision by a municipality for use by its law in lodging or processing criminal criminal complaint affidavits in a form prepared by the state attorney and ordered to be followed or used by the chief judge of the judicial circuit in logding or processing criminal complaints is not prohibited by the terms of s. 27.34(1), F. S.
Your question is answered in the negative.
You have included with your letter of inquiry a copy of a memorandum from the state attorney of your judicial circuit to all law enforcement agencies therein, attached to which is a copy of an administrative order recently issued by the chief judge of your judicial circuit. By the terms of said administrative order, the chief judge has ordered all law enforcement agencies in the judicial circuit to employ a uniform criminal complaint affidavit form for the lodging and processing of criminal complaints in a form prescribed by the state attorney and incorporated into said order by the terms thereof. Your question relates to the applicability of s. 27.34(1), F. S., which provides in part here pertinent that `[n]o county or municipality shall appropriate or contribute funds to the operation of the various state attorneys . . . .' But see s. 27.34(2), F. S.
The `operation of the various state attorneys' includes the performance of necessary and discretionary functions. A `necessary' function is one imposed by law. Cf. State ex rel. Parker v. Lee, 151 So. 491, 493 (Fla. 1933). No constitutional or statutory provision or rule of court has been brought to my attention and none has been found which by its express terms or by necessary implication requires the various state attorneys to promulgate and distribute at the expense of the state uniform complaint affidavit forms to law enforcement agencies for the lodging or processing of criminal complaints. Compare Shuman v. State, 358 So.2d 1333, 1336-1337 (Fla. 1978), wherein the Supreme Court of Florida held that s. 27.54(2), F. S. 1975, which provided that `[n]o county or municipality shall appropriate or contribute funds to the operation of the offices of the various public defenders,' did not proscribe county contributions to `costs of appeals — those appellate expenditures which are not related to internal operation of the public defender's office,' because said s. 27.54(2) related only `to operation expenses of the public defenders' offices, such as for employment of personnel and travel expenses.' Moreover, the state attorney, as an officer of the state, may exercise any power or perform any duty or function or expend any moneys of the state only as authorized by statute or constitutional provision and only in accordance with legislative appropriations and legislatively approved budgets. See AGO 071-28; ss. 27.33(4), 216.181, 216.192, 216.321, F. S. Whether or not the various state attorneys purportedly possess the authority to promulgate and distribute at the expense of the state uniform complaint affidavit forms to law enforcement agencies for the lodging or processing of criminal complaints under rules of court need not be decided in order to answer your question, and I express no opinion thereon.
As approved by the chief judge, the state attorney of your judicial circuit has prepared a form for the lodging and processing of criminal complaints. As recited by the chief judge in his administrative order, this form was prepared by the state attorney pursuant to Rule 3.115 RCrP, which provides in part here pertinent that `[t]he state attorney shall provide the personnelor procedure for criminal intake in the judicial system.' (Emphasis supplied.) The procedure for criminal intake in the courts of your judicial circuit has been provided by the state attorney in part by preparing a standardized form for criminal complaint affidavits. The chief judge of your judicial circuit has ordered all law enforcement agencies in said judicial circuit to use and, by implication, to purchase or otherwise duplicate and provide such form to their law enforcement officers for their use in lodging criminal complaints. Unless and until judicially determined to the contrary, I am of the opinion that the purchase and use by your municipality of the subject criminal complaint affidavits in a form prepared by the state attorney and ordered to be followed or used by the chief judge of the judicial circuit is not prohibited by the terms of s. 27.34(1), F. S.
Prepared by: Dennis J. Wall, Assistant Attorney General