The Honorable Paul N. Pappas Secretary Department of Transportation Haydon Burns Building 605 Suwannee Street Tallahassee, Florida 32301
Dear Secretary Pappas:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 DOES SECTION 351.03(3)(a), F.S. (1984 Supp.), AUTHORIZE THE DEPARTMENT OF TRANSPORTATION TO ERECT SIGNS AT ALL PUBLIC AT-GRADE CROSSINGS SUBJECT TO A MUNICIPAL OR COUNTY ORDINANCE OR MAY THE DEPARTMENT ONLY ERECT SIGNS AT PUBLIC AT-GRADE CROSSINGS TRAVERSED BY TRAINS OWNED BY A COMPANY OPERATING WHOLLY WITHIN THE STATE EVEN THOUGH THE APPLICABLE ORDINANCE ADDRESSES ALL PUBLIC AT-GRADE CROSSINGS?
Your letter advises that the Department of Transportation is responsible for erecting signs on state highways and is unsure how to proceed when a municipality or county enacts an ordinance as described in s 351.03(3)(a), F.S. (1984 Supp.), which is applicable to all public at-grade railroad crossings, regardless of whether railroad trains owned by an intrastate or interstate company traverse the crossings. Additional research on the legislative history of CS/SB 427 (enacted as Ch. 84-73, Laws of Florida, and codified as s 351.03, F.S. [1984 Supp.] and communications with your department have revealed that this legislation apparently was determined to be applicable to only two railroads in this state. Testimony taken during the committee hearings on CS/SB 427 indicated that the bill, enacted as s351.03(3)(a), F.S. (1984 Supp.), would actively affect only the Florida East Coast Railway Co. and the Apalachicola Northern Railroad Co. See, Tape # 2, Transportation Committee, Florida Senate, May 3, 1984. I have been advised that the tracks at which the at-grade crossings are located for these railroad trains are owned and traversed solely by these individual railroad companies so that such tracks are separate and distinct from those operated by companies which are not "operating wholly within this state." However, several interconnections of railroad tracks are located around the state and railroad trains of both interstate and intrastate railroad companies utilize the same tracks only at these points.
This opinion deals exclusively with the authority of the Department of Transportation to erect signs at particular public at-grade railroad crossings. No comment is expressed herein regarding any municipal or county ordinance enacted pursuant to s351.03(3)(a), F.S. (1984 Supp.); such ordinances are presumptively valid and must be given effect unless and until judicially determined to be invalid and this office will not comment thereon. See, Evans v. Hillsborough County, 186 So. 193, 196 (Fla. 1938); White v. Crandon, 156 So. 303, 305 (Fla. 1934); State ex rel. Gillespie v. Thursby, 139 So. 372, 375 (Fla. 1932); and State ex rel. Atlantic Coast Line R. Co. v. State Board of Equalizers,94 So. 681, 682 (Fla. 1922).
Pursuant to s 316.006(1), F.S., the Department of Transportation has original jurisdiction over all state roads throughout the state and may erect and maintain traffic control devices which conform to the department's specifications and manual on all such highways as the department deems necessary to indicate and carry out the provisions of the Florida Uniform Traffic Control Law or to regulate, warn or guide traffic. See, s 316.0745(1), F.S., regarding the adoption of a uniform system of traffic control devices by the department, and s 316.0745(2), F.S., which requires the department to compile and publish a manual of uniform traffic control devices and minimum specifications for such signals and devices. The jurisdiction of other local governmental entities to place traffic control devices on all streets and highways under their original jurisdiction is set forth in s 316.006(2) and (3), F.S., regarding municipalities and counties respectively. See, generally, AGO's 81-41, 80-100. Cf., s 316.008(1)(b), F.S., which provides that local authorities may, within the reasonable exercise of the police power, enact ordinances regulating traffic on streets within their jurisdiction by means of traffic control devices, and subsection (3) thereof which states that a municipality or county may not erect or maintain any official traffic control device so as to regulate the traffic on any state road without first obtaining written approval from the department.
Section 351.03(3)(a), F.S. (1984 Supp.), states that:
 No railroad train of a railroad company operating wholly within this state may emit an audible warning signal between the hours of 10 p.m. and 6 a.m. in advance of any public at-grade crossing with train-activated automatic traffic control devices, which include flashing lights, bells, and crossing gates, where the municipality or county has in effect an ordinance that unconditionally prohibits the sounding of railroad train horns and whistles during such hours at all public at-grade crossings so signalized within that municipality, county, or state has erected signs at the crossings involved announcing that railroad train horns and whistles may not be sounded during such hours. Signs so erected shall be in conformance with the uniform system of traffic control devices as specified in s. 316.0745. (e.s.)
Cf., s 351.03(2), F.S. (1984 Supp.), providing that "[e]xcept as provided in subsection (3), any railroad train approaching within 1,500 feet of a public at-grade crossing shall emit a signal for such distance."
The emphasized portion of the legislation set out above appears to contemplate the placing of signs by the state "at the crossings involved," i.e., "any public at-grade crossings with train-activated automatic traffic control devices . . . where the municipality or county has in effect an ordinance. . . ." A qualification on this authority to erect signs on public roads at public at-grade crossings would appear to be related to the limited jurisdiction of the Department of Transportation which extends only to state roads pursuant to s 316.006(1), F.S. See, s316.003(51), F.S. (1984 Supp.), defining a state road to be any highway designated as a state-maintained road by the Department of Transportation.
While the statute refers to "any public at-grade crossing with train-activated automatic traffic control devices," as noted above, information relative to your request has revealed that public at-grade crossings over the tracks of a railroad company operating wholly within this state are separate and distinct from those crossings over tracks traversed by interstate train traffic and that trains of a railroad company operating wholly within this state do not, with the exception of certain key interconnections in this state, travel on tracks utilized by trains of interstate railroad companies. It is the rule of statutory construction that the Legislature, in legislating with regard to an industry or activity, must be regarded as having had in mind the actual conditions to which the legislation will apply. See, Florida Industrial Commission v. Growers Equipment Company, 12 So.2d 889
(Fla. 1943); Florida Industrial Commission v. Manpower, Inc. of Miami, 91 So.2d 197 (Fla. 1956). And see, State ex rel. Parker v. Lee, 151 So. 491 (Fla. 1933) (scope of legislative act may be determined by contemporary conditions); Amos v. Conkling,126 So. 283 (Fla. 1930) (court will look to conditions of country to be affected by act to ascertain legislative intent). Cf., Utica Mutual Ins. Co. v. Jones, 408 So.2d 769 (2 D.C.A.Fla., 1982) (in construing statute, court should consider its history, evil to be corrected, intent of Legislature, subject regulated and object to be obtained). Therefore, it may be presumed that the Legislature was aware of these circumstances and as s 351.03(3)(a), F.S. (1984 Supp.), permits regulation only of those trains of railroad companies operating wholly within the state, I am of the opinion that the Legislature intended the scope of s 351.03(3)(a), to extend only to those public at-grade crossings over which railroad trains of railroad companies operating wholly within this state pass.
Therefore, it is my opinion, until legislatively or judicially determined otherwise, that the Department of Transportation is authorized to erect signs announcing that railroad train horns and whistles may not be sounded during particular hours at those public at-grade crossings having train-activated automatic traffic control devices on all state roads (as defined in s 316.003 [51], F.S. [1984 Supp.], which are subject to an ordinance enacted pursuant to s 351.03(3)(a), F.S. (1984 Supp.), and which are traversed by trains of a railroad company operating wholly within the state.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General